CORTEZ B. O'HAIR

v.

WILLIAM H. WILSON.

*Filed at Springfield March 28, 1888.*

1. ELECTIONS—*voting in another State—effect upon the right to vote here.* The fact that a citizen and legal voter of this State, while temporarily engaged in business in another State, voted at some election there without right, will not deprive him of his right to vote in this State.

2. SAME—*failure to number ballot.* The failure to number the ballot of a voter at an election, while an irregularity, it is not of such a character as to deprive the voter of his vote.

APPEAL from the County Court of Coles county; the Hon. S. C. HENSLEY, Judge, presiding.

Messrs. CRAIG & CRAIG, and Mr. A. J. FRYER, for the appellant.

Mr. F. K. DUNN, and Mr. T. STODDERT, JR., for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This proceeding was commenced in the county court of Coles county, by petition, under the statute, to contest an election. At an election for town officers, held on the fifth day of April, 1887, Cortez B. O'Hair and William H. Wilson were opposing candidates for the office of town clerk of the town of Seven Hickory. The canvassing board of the town gave the certificate of election to O'Hair, and Wilson then filed the petition herein to contest his election. On the hearing of the cause the court found that each candidate had received the same number of legal votes, and thereupon entered an order on the opposing candidates "to draw lots" to decide the contest, which they did, and as Wilson was successful, the decree of the court was in his favor, establishing his right to the office. To the find-

ings and decision of the court O'Hair excepted, and brings the case to this court on appeal.

All the questions discussed as arising on this record, with perhaps a single exception, are purely questions of fact, concerning which the evidence is quite conflicting. In such cases the rule most commonly observed is to allow the determination of the trial court to stand. It is for the reason that court has some advantages for settling controverted questions of fact not possessed by this court.

It is assigned for error, the court improperly found that James McCoy, Charles Wood, Dennis Tehan, Paddy Tehan and John Tehan, all of whom voted for, and whose votes were counted for, O'Hair, were not legal voters. On the testimony submitted, the court found the five persons named were not legal voters at the election in question, and on a careful consideration of the evidence this court can not say that finding was incorrect, or that it would have found otherwise had the question of their qualifications to become voters at that election been submitted to it as on first impression.

It is also assigned for error, the county court improperly found that Ed Sharp, who voted for Wilson, and whose vote was counted for him, was a legal voter. As respects this voter the testimony is full to the point he had been a citizen of this State for a great many years. He enlisted in the military service of the government, in this State, and after his term of service expired he returned to this State, and distinctly testifies it has been his home ever since. He was temporarily in the State of Indiana, engaged, perhaps, in getting out railroad ties for some contractor. While in that State it seems he voted once at some election, but he had no right to do so. He was at the time a citizen of Illinois. That fact sufficiently appears from the testimony, and there was no error in the court in holding he was a legal voter.

Lastly, it is said the court erred in counting the unnumbered ballot for contestant, Wilson. As respects this ballot, defend-

ant was himself a witness, and stated he acted as clerk of the election; that when the moderator called off the number, he "told him it showed there was a mistake,—one number too high; he said the last ballot put in the box numbered one next lower number than that; consulted about the matter; did not know how to fix it; consulted with the board; we almost came to the conclusion the way to fix it, put that unnumbered,— that would make the number in the ballot-box and the poll-list correspond; put the number on the poll-list." This explanation as to how the unnumbered ballot came to be placed in the ballot-box is copied literally from the transcript of the record, and while it must be conceded the statement in regard to it is not very lucid, it does show it was done with the best intention, and with an honest purpose to correct what was thought to be a mistake. It was done after consultation by the board. Such an irregularity as that will not and ought not to deprive the citizen of his right to have his vote counted for the candidate of his choice. The case of *Hodge* v. *Linn,* 100 Ill. 397, is conclusive as to this view of the law.

After deducting from the number of votes cast for defendant the votes of the five persons found not to be legal voters, and counting the vote of Sharp for contestant, the court found the vote to be a tie, and ordered the parties to settle the contest by "lot," as the statute provides shall be done, under the direction of the town clerk, in case two or more persons shall have an equal number of votes for the same office, which was done, and as the result was in favor of contestant, the court decreed in his favor.

No material error appearing on this record, the decree of the county court must be affirmed.

*Decree affirmed.*