## WOODROFFE v. VILLAGE OF PARK FOREST.

### No. 52 C 428.

United States District Court
N. D. Illinois, E. D.

Oct. 16, 1952.

Otto Kerner, Jr., U. S. Atty., Anthony Scariano, Asst. U. S. Atty., Chicago, Ill., for petitioner.

Wallace Wyatt, Chicago, Ill., for respondent.

PERRY, District Judge.

The petitioner's motion for summary judgment presents for judicial determination the question as to whether or not a member of the armed forces, who is recalled to active duty from his home in Pennsylvania and assigned to such duty at Army headquarters at Chicago, Illinois, and who subsequently secures living quarters for himself and his family in a suburban village, is exempt from the payment of a vehicle tax in that suburban village by virtue of the provisions of Section 514 of the Soldiers' and Sailors' Civil Relief Act, as added by section 17 of the Act of Oct. 6, 1942, 50 U.S.C.A.Appendix, § 574. A search has revealed no adjudicated cases under this particular section and is, therefore, one of first impression. The facts are not disputed; respondent has filed no counter-affidavits.

This cause was removed to this court from the Police Magistrate's court for the Village of Park Forest, County of Cook, State of Illinois, upon the petition of F. H. Woodroffe, after the petitioner had been summoned to appear before the latter court on a charge of failure to display on the windshield of his automobile a Park Forest vehicle sticker or license. Removal was effected pursuant to the provisions of 50 U.S.C.A. § 738.

The petitioner contends that, by virtue of Section 17 of the Soldiers' and Sailors' Civil Relief Act, he is exempt from the requirement of the Park Forest ordinance relating to vehicle taxes. On February 21, 1952, a writ of certiorari issued to the Police Magistrate's court for the village of Park Forest commanding that that court forward to this court the entire record in the cause then pending against the petitioner. Bond was duly made by the petitioner and his surety.

Petitioner's affidavit discloses that he is a Captain in the Army of the United States, presently assigned by virtue of military orders to Headquarters, 5th Army, Chicago, Illinois. Previous to this assignment Captain Woodroffe had been assigned to the Office of the Illinois State Senior Instructor, Organized Reserve Corps, Navy Pier, Chicago, Illinois, having been transferred to that station from a prior post with 2nd Army Headquarters, Ft. Meade, Maryland, pursuant to valid military orders, dated April 30, 1948.

For a period of approximately four months after his assignment to the 5th Army area, petitioner resided on the south side of the City of Chicago, and on September 3, 1948, he obtained living quarters for himself and his family in Park Forest, Illinois, renting these premises from American Community Builders, Inc., owner and developer of the Park Forest Community. Pursuant to the fixed practice and policy of American Community Builders, Inc., the petitioner signed a lease renting these premises for a period of three years from September 3, 1948. When that lease expired, Captain Woodroffe entered into a new lease, again in accordance with the landlord's policy and practice, for a one year period from September 3, 1951. He chose these premises in this village because they were the only available accommodations for him and his family after he was assigned to military duty in the Chicago area. Affidavits of the petitioner and the personnel officer for 5th Army Headquarters indicate that the petitioner is presently in the military service in the Chicago area solely as a result of military orders issued by competent authority, and not through any choice or request on his part.

For the past year, Captain Woodroffe has been listing his permanent residence as 40 Neeld Lane, Green Ridge, Delaware County, Pennsylvania, the home of a close boyhood friend of his, a certain Kenneth Scott. Prior to making the Kenneth Scott address his permanent residence was 460 Burnley Lane, Drexel Hill, Delaware County, Pennsylvania, the home of his

parents. At the time of his recall to active service on August 29, 1947, the petitioner was residing at Drexel Hill, Pennsylvania.

His army personnel records have always reflected that the petitioner's permanent residence is Delaware County, Pennsylvania, at the addresses aforesaid. When Captain Woodroffe is not on overseas duty, he visits at the home of his friend, Kenneth Scott, two or three times each year. He receives mail there, and there is always available to him a room at the Scott address. Each year Captain Woodroffe files his federal income tax return with the Collector of Internal Revenue at Philadelphia, Pennsylvania. He has never filed any income tax return with any other Collector of Internal Revenue.

The State of Pennsylvania imposes no income tax, poll tax, or personal property tax. Neither Green Ridge, nor Drexel Hill, nor Delaware County imposes a vehicle or personal property tax.

The petitioner owns no property in the State of Pennsylvania at present, but he did from 1941 to 1942 own his home in Upper Darby, Delaware County, Pennsylvania, which property he sold when he entered the military service in 1942. In 1948, Captain Woodroffe purchased a home in Harundale, Maryland, and lived there for approximately five months while he was stationed on military duty at Fort Meade, Maryland. The petitioner still owns this property, and he retains it for investment purposes. That property is presently leased, and the petitioner pays an annual real estate tax on this Maryland property.

Captain Woodroffe voted by absentee ballot from London, England, in the general election of 1944 in Pennsylvania, which voting was made possible by the Federal Soldiers Vote Law of 1944, 50 U. S.C.A. § 321 et seq. Since that time, he has not voted in Pennsylvania because, in the absence of a federal statute, Pennsylvania does not permit absentee balloting.

Prior, however, to the general election of 1944, the petitioner always voted at his home in Delaware County, Pennsylvania, whenever it was physically possible for him to do so. He has always been a registered voter in Delaware County, Pennsylvania, but he is without information or belief as to whether he is presently carried on the rolls of registered voters in Delaware County inasmuch as Pennsylvania has no permanent registration law. He has never registered as a voter at any place other than in Delaware County, Pennsylvania.

Approximately two or three years ago, the petitioner was persuaded to vote in a Park Forest school board election. He did not register for this election inasmuch as the pertinent Illinois statute does not require that a voter in a school board election be registered. It was repeatedly emphasized to Captain Woodroffe that the only requirement for voting in the school election was that a person live for one year within the school district. He was assured by various officials that he would not be jeopardizing his Pennsylvania domiciliary status if he participated in that election. He did not intend to effect any change in his domicile and residence by so voting. Neither of the petitioner's children is of school age, and he had no interest in the outcome of the election.

Captain Woodroffe has now, and always has had Pennsylvania state license tags on his automobile, except for the year 1946. In that year, the petitioner purchased an automobile shortly before going overseas and there was not time to obtain Pennsylvania tags. Inasmuch as he was leaving for his overseas post from the State of New Jersey, and he could obtain New Jersey license plates immediately upon paying therefor, the petitioner purchased New Jersey plates for convenience. The petitioner has now, and always has had a driver's license issued by the State of Pennsylvania. He has never had any other driver's license.

Revenues collected upon the sale of state license plates in Pennsylvania are used for the same purposes as revenues collected upon the sale of Park Forest vehicle stickers.

During the only period of civilian life which Captain Woodroffe has enjoyed in the last ten years, he and his family made their home at 460 Burnley Lane, Drexel

Hill, Delaware County, Pennsylvania, where he was employed with the Hartford Accident and Indemnity Company.

Captain Woodroffe has had his name in title to two certain automobiles, registered and licensed in the State of Illinois. Both automobiles were owned ultimately by the petitioner's sister. The sister always had complete control, custody and ownership of the cars either alone or with Maxine Chrystie, who for a time had a partial interest in the first automobile and who later conveyed this interest to the sister. In both instances, the petitioner had his name in the title for security purposes only and stood in the position of a mortgage. In the first instance, he had loaned his sister $380 and title to this automobile was placed in the petitioner and his wife solely as security for the payment of the loan. In the case of the second car, title to the car was placed in the names of the affiant and his sister but the petitioner was placed in the title in order to afford the finance company additional security. The petitioner has always had his own automobile at all times during the period that he has lived in the Chicago area, separate and apart from the two previously mentioned vehicles.

In 1950, Captain Woodroffe was paid a soldier's bonus by the State of Pennsylvania for his services in World War II. He has never been paid such a bonus by any other state. Captain Woodroffe and his wife have now, and for many years past have maintained a joint checking account in a Philadelphia bank, except for a brief period of three months during which he lived in Chicago's south side, he has never had any banking connections with any other bank outside of Pennsylvania.

He maintains no property in any state except the Maryland property aforesaid, and except for his automobile and personal belongings which he has with him in Park Forest, Illinois.

According to his affidavit, the petitioner intends now, and always has intended to return to Delaware County, Pennsylvania, at the close of his military service, whenever that may be, to reside there permanently.

Section 23–53 of Chapter 24, Illinois Revised Statutes, empowers the village of Park Forest to tax automobiles; it also specifies the manner in which the collected revenues shall be used. Section 32a of Chapter 95½, Illinois Revised Statutes, limits the application of this taxing power to owners who "reside" within the municipality. Pursuant to this statutory power, the Board of Trustee of the Village of Park Forest on August 22, 1950, passed ordinance No. 43, which provides that every owner of a motor vehicle, who *resides* within the village, shall pay a vehicle tax and such tax shall be due and payable in advance. The ordinance also provides penalties for noncompliance therewith.

Inasmuch as the petitioner is presently an active member of the Army of the United States, he can avail himself of the provisions of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A.Appendix, § 501 et seq., provided the particular section is applicable. Section 17 of the Act deals specifically with the *residence* of persons in military service for tax purposes. It provides as follows:

"(1) For the purposes of taxation in respect of any person, or of his personal property, income, or gross income, by any State, Territory, possession, or political subdivision of any of the foregoing, or by the District of Columbia, such person shall not be deemed to have lost a residence or domicile in any State, Territory, possession, or political subdivision of any of the foregoing, or in the District of Columbia, solely by reason of being absent therefrom in compliance with military or naval orders, or to have acquired a residence or domicile in, or to have become resident in or a resident of, any other State, Territory, possession, or political subdivision of any of the foregoing, or the District of Columbia, while and solely by reason of being, so absent. For the purposes of taxation in respect of the personal property, income, or gross income of any such person by any State, Territory, possession, or political subdivision of any of the foregoing, or

the District of Columbia, of which such person is not a resident or in which he is not domiciled, compensation for military or naval service shall not be deemed income for services performed within, or from sources within, such State, Territory, possession, political subdivision, or District, and personal property shall not be deemed to be located or present in or to have a situs for taxation in such State, Territory, possession, or political subdivision, or district: *Provided,* That nothing contained in this section shall prevent taxation by any State, Territory, possession, or political subdivision of any of the foregoing, or the District of Columbia in respect of personal property used in or arising from a trade or business, if it otherwise has jurisdiction. This section shall be effective as of September 8, 1939, except that it shall not require the crediting or refunding of any tax paid prior to October 6, 1942. "(2) When used in this section, (a) the term 'personal property' shall include tangible and intangible property (including motor vehicles), and (b) the term 'taxation' shall include but not be limited to licenses, fees, or excises imposed in respect to motor vehicles or the use thereof: *Provided,* That the license, fee, or excise required by the State, Territory, possession, or District of Columbia of which the person is a resident or in which he is domiciled has been paid."

■ It is the view of the Court that the provisions of the aforementioned statute exempt the petitioner from the payment of the vehicle tax to the Village of Park Forest. The language of this section is clear. A person is not to be considered as having lost residence when the sole reason for his absence is compliance with military or naval orders, nor is he to be considered as having acquired a new residence when he is absent solely in compliance with those orders. Moreover, personalty of such military person, which by this section includes a motor vehicle, shall not be considered to have a situs for tax purposes in any political subdivision, of which such person is not a resident provided that he pays the required license fees to that political subdivision of which he is a legal resident. In the case before the bar, it is not disputed that the sole reason for the petitioner's departure from his residence in Delaware County, Pennsylvania, on August 29, 1947, was his compliance with military orders to report to active service. Nor is it disputed that the sole reason for his presence at Fifth Army Headquarters, Chicago, Illinois, is the compliance with those orders. The petitioner has never lost his residence in Delaware County, Pennsylvania, nor has he acquired a residence in the Chicago area. Since, therefore, he is not a resident of Park Forest, Illinois, and since it is undisputed that he has paid all required license fees to the State of Pennsylvania, the petitioner falls within the purview of Section 17 of the Act, and is not required to pay the vehicle tax to the respondent.

The respondent, however, contends that the petitioner's military orders require his presence only in Chicago, Illinois, and not Park Forest, Illinois, that the latter location is a matter of the petitioner's personal choice. The Court regards this argument as being impractical. Military orders demand the presence of a certain soldier at a certain post for military duty. There should not be any doubt that such orders contemplate the soldier's living in the area to perform such duties. In the instant case, the petitioner chose living quarters in Park Forest not because he desired to move from Delaware County, Pennsylvania, but because he was under orders to perform daily military duties at Chicago, Illinois, and it was imperative that he be present in the area to perform those duties.

■ Respondent further contends that the Act was enacted when great numbers of men were being inducted into the armed forces and were subject to many transfers. Since the petitioner has been able to establish his family at Park Forest and to live there for several years, his situation is not within the intent of the Act. In reply, it must be said that the petitioner is still a

member of a large military organization and as such is subject to many transfers, whether they occur or not. If they do occur, how is he, in the light of the respondent's argument, to determine his residence. This statute is designed to meet this difficulty. It gives to military persons and their personal affairs a stability, which would otherwise be lacking. By advancing this argument, the respondent appears to be seeking some judicial limitation upon the application of this statute. If Congress would have intended that the Act should apply only to those military persons, who have been subject to numerous transfers, rather than those who have enjoyed some degree of permanency in their assignment, such limitation would appear in the Act. The Court finds none. This is significant in view of the careful drafting of the entire Act so as to avoid granting military personnel unlimited privilege. The Court will enforce the statute as it is written; it will not add limitations, which are not present therein.

It might also be said that the petitioner participated in the school board election at Park Forest and thereby abandoned his legal residence in Delaware County, Pennsylvania, and acquired residence in the respondent village. Upon analysis of the legality of that act of voting, it can readily be seen that this contention cannot be sustained. The provisions of Chapter 122, Section 15–5, Illinois Revised Statutes, which was in effect at the time of the election, require that no person who does not possess the qualification of a voter at a general election shall vote at any school election. The provisions of Chapter 46, Sections 3–1 and 3–2, require among other things, that a voter shall be a resident and that a permanent abode is necessary to constitute a residence. There is no showing that, as of the date of the school board election, the petitioner had abandoned his residence in Delaware County, Pennsylvania, and had acquired a residence in the Village of Park Forest. As a matter of fact, the petitioner was absent from Delaware County solely by virtue of military orders. By operation of Section 17 of the Civil Relief Act, with which he has complied, the petitioner was still a resident of Delaware County on the date of the school board election. Therefore, he was not qualified to vote in that election. It cannot, then, be said that the petitioner acquired residence in Park Forest by virtue of an affirmative act, which he had no legal right to perform. O'Hair v. Wilson, 124 Ill. 351, 16 N.E. 256.

The petitioner's motion for summary judgment is sustained.