## Registration of Soldiers' Motor Vehicles

MARVIN GARFINKEL, Deputy Attorney General, May 29, 1956.—You have requested an opinion as to whether the Federal Soldiers' and Sailors' Civil Relief Act prohibits the Department of Revenue from requiring the registration of motor vehicles being operated within this Commonwealth and owned by individuals in the military service who have a regular place of abode within the Commonwealth.

Section 401 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §91, as amended, provides that, with certain exceptions not here relevant, no motor vehicle may be operated upon any highway in this Commonwealth unless such vehicle shall be properly registered with the Department of Revenue, except where such motor vehicle is owned by a nonresident and exempt from registration under a reciprocity agreement. Section 2 defines "resident" as a person who has a regular place of abode or business in the Commonwealth for a period of more than 30 consecutive days in the year.

Section 514 of the Soldiers' and Sailors' Civil Relief

Act of 1940, as amended, 58 Stat. at L. 722, title 50 App. U. S. C. §574 (1951) provides that:

"(1) For the purposes of taxation in respect of any person, or of his personal property, . . . by any State, . . . such person shall not be deemed to have lost a residence or domicile in any State, . . . solely by reason of being absent therefrom in compliance with military or naval orders, or to have acquired a residence or domicile in, . . . any other State, . . . while, and solely by reason of being, so absent. For the purposes of taxation in respect of the personal property, . . . of any such person by any State, . . . of which such person is not a resident . . . personal property shall not be deemed to be located or present in or have a situs for taxation in such State, . . . Provided, That nothing contained in this section shall prevent taxation by any State, . . . in respect of personal property used in or arising from a trade or business, if it otherwise has jurisdiction . . .

"(2) When used in this section, (a) the term 'personal property' shall include tangible and intangible property (including motor vehicles), and (b) the term 'taxation' shall include but not be limited to licenses, fees, or excises imposed in respect to motor vehicles or the use thereof: Provided, That the license, fee, or excise required by the State, Territory, possession, or District of Columbia of which the person is a resident or in which he is domiciled has been paid. . . ."

It is clear that the above provision of Federal law, which must under the supremacy clause of the United States Constitution (article VI, clause 2) supersede inconsistent State legislation, prohibits the Commonwealth of Pennsylvania from requiring the registration of motor vehicles owned by persons temporarily located within the Commonwealth who are absent from the locality of their prior residence or domicile solely by reason of compliance with military or naval orders,

so long as the license, fee, or excises imposed by the home State have been paid and the vehicle is not being used for the purpose of trade or business.

It should be noted that, under this provision, the significant factor is that the individual is away from his former place of residence solely by reason of military orders. There has been no judicial determination as to whether the presence in the particular jurisdiction whose taxing authority is limited by the act must be under such orders. It would appear, though, that within reasonable limit such presence should be under military orders. We may assume it to be reasonable for an individual who is assigned to a military facility in one state to reside nearby in another state. It would thus not be necessary under the act for the person to be required by the military orders to be in the jurisdiction which seeks to impose the tax so long as the military orders require him to be away from the place of his prior residence.

In Dameron v. Brodhead, 345 U. S. 322 (1953), the United States Supreme Court held that this provision of the Civil Relief Act was constitutional as applied to a serviceman who was absent from his State of original residence as a result of military orders, and that the statute prohibited the state of temporary presence from imposing a personal property tax upon such an individual. See, also, Woodroffe v. Village of Park Forest, 107 F. Supp. 906 (N. D. Ill., 1952).

It is, therefore, the opinion of this department, and you are accordingly advised, that the Department of Revenue may not require the registration of motor vehicles owned by individuals in the military service who are absent from the locality of their prior residence solely by reason of compliance with military orders so long as such individuals have paid all fees, taxes and excises imposed on such vehicle by their **home locality.**