## Richmond

HARVEY E. WHITING v. CITY OF PORTSMOUTH.

March 6, 1961.

Record No. 5212.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

*William T. Parker,* for the plaintiff in error.

*J. E. Livesay, Jr.* and *Carter Lee Gore,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The appellant, Harvey E. Whiting, has been convicted and sentenced to pay a fine for violating § 12, Ch. III, of the license tax ordinance of the city of Portsmouth, which requires every person having a place of residence in the city to pay an annual license tax of $10 on each motor vehicle owned or kept or used by him in the

city. On this appeal he contends here, as he did in the court below, that he was residing in the city of Portsmouth by virtue of military orders and was exempt from the payment of the city license tax on his automobile under the Soldiers' and Sailors' Civil Relief Act, 50 App., U.S.C.A., § 574.

The material facts are not in dispute and are set forth in a written opinion by the trial court which, by agreement, tried the case without a jury.

The defendant was born in Colorado and there enlisted in the United States Navy in 1952. In 1958 he and his wife came to live in the city of Portsmouth (not on a government reservation), where he rented a home and has since maintained his residence, and where he expected to remain until December, 1960, and then be transferred. He claimed Denver, Colorado, to be his true place of residence but said that after his retirement from the Navy he and his wife planned to purchase property in Mississippi and live there.

In the latter part of 1958 he purchased an automobile, had it registered and titled in his name, and purchased Virginia license tags for it, giving his address as 506 Virginia avenue, Portsmouth, Virginia. He paid no license tax or other tax on the automobile in any State other than Virginia, and it was not assessed with any type of tax thereon in any place other than in Virginia. He operated this automobile on the streets of Portsmouth without securing the license required by the city ordinance, which he declined to purchase on the ground that he was exempt from the payment of such license tax under the aforesaid Civil Relief Act.

Section 46.1-1 (16) (c) of the Motor Vehicle Code of Virginia provides, with respect to the registration and licensing of motor vehicles, that any person who has actually resided in this State for a period of six months, "or who has registered a motor vehicle, listing an address within this State in the application for registration [both of which the defendant had done at the time of his arrest], shall be deemed a resident [of Virginia] for the purpose of this title".

Section 46.1-65 of the Code, as amended, empowers incorporated cities, such as Portsmouth, to charge license fees on motor vehicles. It is clear that the appellant was legally required by the Portsmouth ordinance to purchase a city license to operate his automobile on the city streets unless relieved from doing so by the said Civil Relief Act.

That Act, as amended, 50 App., U.S.C.A., § 574, in para-

graph (1) provides that "For the purposes of taxation in respect of any person, or of his personal property, income, or gross income" by any State or political subdivision thereof, such person shall not be deemed to have lost a residence or domicile in any State or political subdivision solely by reason of being absent therefrom in compliance with military or naval orders, or to have acquired a residence or domicile in, or to have become a resident in or of any other State or political subdivision while, and solely by reason of being, so absent, and personal property shall not be deemed to be located or present in or to have a situs for taxation in such State or political subdivision.

In paragraph (2) of said § 574 it is provided that the term "personal property" shall include tangible and intangible personal property, including motor vehicles, and the term "taxation" shall include but not be limited to licenses, fees, or excises imposed in respect to motor vehicles or the use thereof: "*Provided,* That the license, fee, or excise required by the State * * of which the person is a resident or in which he is domiciled has been paid."

Appellant relies on *Dameron* v. *Brodhead*, 345 U. S. 322, 73 S. Ct. 721, 97 L. ed. 1041, 32 A.L.R. 2d 612, and on *Woodroffe* v. *Village of Park Forest*, (D. C., Ill.), 107 F. Supp. 906. Neither case supports his contention.

*Dameron* v. *Brodhead* was concerned with taxes assessed by the city of Denver, Colorado, on personal property, mostly household goods, kept in his apartment in the city by an Air Force officer who was a resident and qualified voter of Louisiana. The court dealt only with the provisions of paragraph (1) of § 574, stressing the 1944 amendment which provided that "personal property shall not be deemed to be located or present in or to have a situs for taxation in" the State where the person sought to be taxed was present solely because of military or naval orders. It was held that the tax exemption provisions of the Act were constitutional and that the officer was exempt from taxation of his personal property by the city.

The *Woodroffe* case was concerned with the right of a village in Illinois to collect from a member of the armed forces whose home was in Pennsylvania a license tax on his automobile which was registered in Pennsylvania and bore Pennsylvania State license tags. The court held that "personalty of such military person, which by this section [Paragraph (2), § 574] includes a motor vehicle, shall not be considered to have a situs for tax purposes in any political subdivision, of which such person is not a resident provided that he pays

the required license fees to that political subdivision, of which he is a legal resident. * * and since it is undisputed that he has paid all required license fees to the State of Pennsylvania, the petitioner falls within the purview of Section 17 [§ 574 of 50 App., U.S.C.A.] of the Act, and is not required to pay the vehicle tax to the respondent".

The tax levied by the city of Portsmouth on the appellant's automobile is not a property tax, but a license tax, assessed against the owner of the automobile for the privilege of using it on the streets of the city. 5-A Am. Jur., Automobiles and Highway Traffic, § 81, p. 283; 60 C.J.S., Motor Vehicles, § 59, p. 238. Such license tax falls within the provision of paragraph (2) of said § 574, under which the appellant would be exempt from payment of the Portsmouth license tax only if he had paid a license tax thereon in Colorado, where he claimed his residence to be. Since it is admitted that he had not paid such license tax in that State, or elsewhere than in Virginia, he is therefore not exempt from the payment of the license tax assessed by the city of Portsmouth. Such has been the view of the Attorney General of Virginia in several instances. See Opinions of the Attorney General, 1948-9, page 166; 1954-5, page 155; 1958-9, page 190.

The judgment appealed from is

*Affirmed.*