[Civ. No. 51.   Fifth Dist.   Jan. 8, 1962.]

LYMAN E. BUZARD, Petitioner and Appellant, v. THE JUSTICE COURT FOR THE ATWATER JUDICIAL DISTRICT et al., Respondents; THE PEOPLE et al., Real Party in Interest.

C. Ray Robinson and Charles E. Goff for Petitioner and Appellant.

No appearance for Respondents.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Edsel W. Haws, Deputy Attorney General, for Real Party in Interest.

STONE, J.—Petitioner is an officer in the United States Air Force, whose permanent duty station is Castle Air Force Base, Merced County, California. While on temporary duty in the State of Alabama, he purchased a used automobile, which he returned with him to Castle. He drove it upon the public highways of California, and was arrested for failing to register the car as required by Vehicle Code section 4000. A complaint was filed in the Atwater Judicial District Court, his demurrer thereto was overruled, and the case was set for trial. He then petitioned the Superior Court of the County of Merced for a writ of prohibition, praying that the justice court be restrained from proceeding with the trial. His ground was that Vehicle Code section 4000 is unconstitutional insofar as it requires him, a serviceman, to pay a license fee. The superior court issued an alternative writ of prohibition, the district attorney demurred to the petition, the matter was argued and the superior court, without written opinion, entered an order denying the petition for writ of prohibition. Petitioner then appealed to this court, again upon the ground that the provisions of section 4000 of Vehicle Code are unconstitutional.

In his brief, however, petitioner does not attack the constitutionality of Vehicle Code section 4000 as such, rather it is his contention that Vehicle Code sections 6700, 6701 and 6705, relating to military exemptions, do not exempt military personnel who purchase motor vehicles in another State while there on temporary assignment. In substance, petitioner's argument is that since Vehicle Code sections 6700 et seq. exempt certain military personnel from registration, but not those in his classification, Vehicle Code section 4000 which requires registration is unconstitutional as to him.

Vehicle Code section 4000, as far as here pertinent, reads as follows: "No person shall drive, move, or leave standing any motor vehicle, trailer, semitrailer, pole or pipe dolly, or auxiliary dolly upon a highway unless it is registered and the appropriate fees have been paid under this code."

■ It is apparent that Vehicle Code 4000 does not fix any vehicle license fee, it simply requires the payment of "appropriate fees." Actually, vehicle license fees are fixed by Revenue and Taxation Code sections 10751 et seq. ■ Certain persons in military service are exempted from the obligation of paying a license fee. These exemptions are determined by Vehicle Code sections 6700, 6701 and 6705, not section 4000. ■ Furthermore, it is not the purpose

of Vehicle Code section 4000 to fix or collect a fee. The registration of motor vehicles operated within the State is required for the purpose of protecting innocent purchasers against fraud, to provide identification of responsible persons in case of a vehicular accident, and as a deterrent to vehicle theft. The Supreme Court has so declared in *Stoddart* v. *Peirce,* 53 Cal.2d 105 [346 P.2d 774], wherein Mr. Justice Peters said, at page 117:

"Without now documenting a complete historical narrative of these various provisions of the code, it may be noted that originally the provisions now found in Division III were adopted for the purpose of protecting innocent purchasers, and to afford identification of vehicles and of persons responsible in cases of accident and injury [citations]. That is, they formed a recording system, designed to accomplish in regard to this mobile type of personal property some of the things that the real estate recording statutes accomplish in regard to land and its improvements."

Petitioner does not contend that he has ever made an attempt to comply with Vehicle Code section 4000, that is, to register his vehicle, or that if he did so he was denied registration because of his refusal to pay a license fee required by Revenue and Taxation Code. ▇▇▇ Assuming, without deciding, that petitioner is correct in his contention that the sections of the Revenue and Taxation Code, sections 10751 et seq., and Vehicle Code, sections 6700 et seq., are unconstitutional insofar as they do not exempt him from paying a license fee for the right to drive a vehicle on California highways, that does not make Vehicle Code section 4000 unconstitutional. The registration statute has an entirely different purpose from the license fee statutes, and it is clearly severable from them. ▇▇▇ It is well settled that where there is severability, particularly in the case of separate statutes which must be construed together, the fact that one section or one statute is unconstitutional does not affect the remaining statute if standing alone it *is* constitutional. (*People* v. *Lewis,* 13 Cal.2d 280, 282 [89 P.2d 388] ; *In re Portnoy,* 21 Cal.2d 237, 242 [131 P.2d 1] ; *Bacon Service Corp.* v. *Huss,* 199 Cal. 21, 32 [248 P. 235].)

▇▇▇ Had petitioner applied for registration of his vehicle, thereby complying with Vehicle Code section 4000, and had he been advised that in order to register his vehicle he must pay a fee, he would be in a position to test the constitutionality of Revenue and Taxation Code section 10751 and Vehicle Code sections 6700, 6701 and 6705. From petitioner's brief, it ap-

pears likely that the Department of Motor Vehicles would have determined that no fee need be paid, since petitioner cites executive memoranda issued by both the Department of Motor Vehicles and the California Highway Patrol directing that the sections of Revenue and Taxation Code to which he objects shall not apply to military personnel. It must be assumed that the employees of a department follow the directives of the department head. The record before us, however, indicates that petitioner failed to give any employee of the Department of Motor Vehicles an opportunity to follow the directive which he cites.

The same principle applies to petitioner's statement that the justice court is going to find that he is subject to pay the license fee. His conclusion is supposition, as it is equally as likely the court will decide that the appropriate fee under section 4000 is "nothing." ██ We cannot prejudge the action of the trial court, nor should a writ of prohibition be predicated upon conjecture. ██ If the lower court does decide that petitioner is required to pay a fee pursuant to Revenue and Taxation Code section 10751 and Vehicle Code sections 6700, 6701 and 6705, he has an adequate remedy by way of appeal.

The order appealed from is affirmed.

Conley, P. J., and Brown, J., concurred.