392 P.2d 575

Carroll H. CHRISTIAN, as County Treasurer of Pima County, H. Y. Sprague, as State Treasurer of the State of Arizona, and Filiberto Cruz, Appellants,

v.

Walter G. STRANGE, Appellee.

No. 7192.

Supreme Court of Arizona,

In Division.

June 3, 1964.

Wade Church, Former Atty. Gen., Phoenix, Robert W. Pickrell, Atty. Gen., Ed W. Hughes, Sp. Asst. Atty. Gen., John J. Casey, Former Asst. Atty. Gen., William E. Eu-

bank, Asst. Atty. Gen., John T. Amey, Asst. Atty. Gen., for appellants.

Philip S. Malinsky, Tucson, for appellee.

LOCKWOOD, Vice Chief Justice.

This is an appeal from a judgment of the trial court exempting Walter G. Strange, the appellee, from registering his automobile in Arizona and from the payment of vehicle taxes and fees to Arizona for the operation of an automobile in Arizona, so long as he is a member of the Armed Services stationed by law in Arizona.

Mr. and Mrs. Strange were born in Indiana and lived there until Mr. Strange, a member of the United States Air Force, was ordered to Davis Monthan Air Force Base, Tucson, Arizona. Mr. Strange's automobile was purchased and registered in Indiana and he had a valid Indiana driver's license.

In September of 1959, Mrs. Strange was arrested while driving home from work in the automobile owned by her husband. She was cited for driving the automobile without Arizona license plates. The car displayed 1959 Indiana license plates. The citation was dismissed by the Tucson City Magistrate. Thereupon the motor vehicle inspector, who had arrested her, issued a notice of seizure. To avoid the sale of the car at public auction, Mr. Strange procured 1959 Arizona license plates. He then sued to recover the registration fees and storage fees he had been required to pay.

This case turns upon the application of U.S.C.A. Title 50 App. § 574. This section provides:

"For the purposes of taxation in respect of any person, or of his personal property, income, or gross income, by any State, Territory, possession, or political subdivision of any of the foregoing, or by the District of Columbia, such person shall not be deemed to have lost a residence or domicile in any State, Territory, possession, or political subdivision of any of the foregoing, or in the District of Columbia, solely by reason of being absent therefrom in compliance with military or naval orders, or to have acquired a residence or domicile in, or to have become resident in or a resident of, any other State, Territory, possession, or political subdivision of any of the foregoing, or the District of Columbia, while, and solely by reason of being, so absent. For the purposes of taxation in respect of the personal property, income or gross income of any such person by any State, Territory, possession, or political subdivision of any of the foregoing, or the District of Columbia, of which such person is not a resident or in which he is not domiciled, compensation for

military or naval service shall not be deemed income for services performed within, or from sources within, such State, Territory, possession, political subdivision, or District, and personal property shall not be deemed to be located or present in or to have a situs for taxation in such State, Territory, possession, or political subdivision, or district. * * * *Provided*, That nothing contained in this section shall prevent taxation by any State, Territory, possession, or political subdivision of any of the foregoing, or the District of Columbia in respect of personal property used in or arising from a trade or business, if it otherwise has jurisdiction."

The appellants concede that, if this section applies, the judgment below must be affirmed. But they contend that the wife's use of the car for transportation to and from work brings this case within the proviso of § 574: "That nothing contained in this section shall prevent taxation by any State * * * in respect of personal property used in * * * a trade or business * *."

The appellants call appellee's position a "tax dodge". But appellants present no cases to support their charge. Appellant's argument is based entirely upon a strained construction of the proviso of § 574.

Since Strange retained his Indiana domicile and paid to Indiana all the required license fees for his automobile, § 574 exempts his automobile from any Arizona vehicle tax. See Woodroffe v. Village of Park Forest, 107 F.Supp. 906 (N.D.Ill.1952). This exemption was not lost because his wife used his car for transportation to and from work. The proviso to § 574 contains the phrase "personal property used in or arising from a trade or business." Similar language is found in 26 U.S.C.A. § 162 (1954), providing an income tax deduction for "all the ordinary and necessary expenses * * * in carrying on any trade or business." Construing this section, the court in Donnelly v. Commissioner of Internal Revenue, 262 F.2d 411 (2nd Cir.1959), did not permit a deduction for expenses incurred in commuting to and from home and work because such expenses are of a personal nature. Similarly, the use of the car in the instant case, either by the husband or by the wife, is a personal use, not one "arising from a trade or business." Such use does not come within the language and purpose of the proviso of § 574.

Judgment affirmed.

UDALL, C. J., and STRUCKMEYER, J., concur.