[Crim. No. 8013.   In Bank.   Oct. 8, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. LYMAN E. BUZARD, Defendant and Appellant.

---

*Retired Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

C. Ray Robinson, Jonathan H. Rowell and Mary C. Fisher for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Edsel W. Haws, Deputy Attorney General, for Plaintiff and Respondent.

PEEK, J.—Lyman E. Buzard appeals from a judgment following his conviction of a violation of section 4000 of the Vehicle Code, a misdemeanor.[1] His attempt by way of prohibition to foreclose the instant proceedings was unsuccessful. (*Buzard* v. *Justice Court,* 198 Cal.App.2d 814 [18 Cal.Rptr. 348].)

Defendant is an officer in the United States Air Force. At all times herein pertinent he was a resident of the State of Washington and was stationed at Castle Air Force Base in Merced County, California. Between September 3 and December 19, 1959, he was temporarily assigned to duty for military training at Maxwell Air Force Base in Alabama. While there he purchased an automobile, which he registered in that state in his name, and obtained Alabama license plates valid through September 30, 1960.

On defendant's return to Castle Air Force Base he drove his automobile from Alabama and has regularly used it in California since that time. While so using it he was stopped by a highway patrol officer and advised that the vehicle was required to be registered in California. He thereafter attempted to register the automobile but was informed by an official of the Department of Motor Vehicles that he could not do so without first making a payment in excess of $100 in fees and penalties. He refused to make the demanded payment and his arrest under section 4000 followed on April 11, 1960.

Defendant's refusal to make payment of the fees and penalties and his defense against the instant charges are based on the contention that section 4000, insofar as it required the payment of fees and penalties, did not apply to him because of the Soldiers' and Sailors' Civil Relief Act of 1940. (50 U.S.C.A. App. § 574.) That act provides in section 574, subdivision (1) that "the personal property" of a serviceman "for purposes of taxation" shall not be deemed to have

---

[1]Section 4000 of the Vehicle Code provided in part at the time of defendant's arrest: "No person shall drive . . . any motor vehicle . . . upon a highway unless it is registered and the appropriate fees have been paid under this code."

a situs in any state of which he is not a resident. In subdivision (2) automobiles are included as "personal property" within the meaning of the statute and the term "taxation" is applied to automobile licenses, fees and excises *"Provided,* That the license, fee, or excise required by the State . . . of which the person is a resident or in which he is domiciled has been paid."[2]

The applicable statute of defendant's domiciliary state provides: "it shall be unlawful for a person to operate any vehicle over and along a public highway of this state without first having obtained and having in full force and effect a current and proper vehicle license and display number plates. . . ." (Rev. Code of Wash., § 46.16.010.) Prior to his arrest defendant did not drive his automobile into or otherwise enter the State of Washington after the purchase of the vehicle, nor did he register the automobile there.[3]

Defendant does not contend that California may not, as an exercise of its police power, require him to register his automobile. In fact, his attempt to register the vehicle independently of the payment of fees and penalties was frustrated by the department. Defendant's position is simply that the Soldiers' and Sailors' Civil Relief Act of 1940 (hereinafter the Relief Act) prohibits the collection of such fees as an incident to a proper exercise of the police power or otherwise. As a consequence of the narrow question thus raised by the defendant, contentions which look to the purpose of registration in furtherance of proper law enforcement and administration fail to address themselves to the issue.

Defendant urges that he was not required to obtain a vehicle license and plates by his domiciliary state except as a prerequisite to the operation of his vehicle "over and along a public highway" of that state; that he has not driven his vehicle on such public highways; that, accordingly, no license charges or registration fees became due; that he has satisfied all licensing and registration obligations which that state required of him, and that he has likewise satisfied the proviso of the Relief Act. The argument meets the literal and commonsense meaning of the pertinent statutory provisions.

[2]Section 574 was amended in 1962 by Public Law 87-771 in a manner not here pertinent.

[3]Following the arrest, however, defendant registered the automobile in accordance with the Washington statute when he first drove the automobile into that state.

We are urged by the People to follow the opinion of the Supreme Court of Appeals of Virginia, wherein a city of that state was held to be entitled under the Relief Act to collect an additional vehicular licensing fee from a serviceman who had voluntarily registered and licensed his automobile in that state although claiming Colorado as his domicile. (*Whiting* v. *City of Portsmouth*, 202 Va. 609 [118 S.E.2d 505].) But it does not appear from the opinion in that case whether the serviceman was *required* and had failed to pay fees in Colorado. Thus the issue herein raised was not considered or resolved by the Virginia court.

We cannot, as is urged, conclude that subdivision (2) is intended to work to the serviceman's advantage only where a charge has been made by and paid to his domiciliary state. The statute is not couched in terms which flatly require the serviceman to have paid a fee, but rather in terms which accord to him the benefit when charges ''required by the State'' have been paid. These are the only charges which he must pay and when there are no charges made there must likewise be no *requirement* that he pay them. Any other conclusion would lead us to the very results which the Relief Act, by its purpose, seeks to avoid. If, for instance, California may exact the instant charges from defendant, then so may any other state into which he brings his vehicle until such time as he enters his domiciliary state and pays the fees there required for the first time. Such a narrow construction would frustrate the obvious beneficent purpose of the act and fail to heed the direction of the Supreme Court that ''The Act must be read with an eye friendly to those who dropped their affairs to answer their country's call.'' (*Le Maistre* v. *Leffers*, 333 U.S. 1, 6 [68 S.Ct. 371, 373, 92 L.Ed. 429, 433]; see also *Plesha* v. *United States*, 227 F.2d 624.)

It is further complained that the foregoing construction of the Relief Act permits a serviceman to escape the payment of fee altogether. The complaint is fairly answered by the Supreme Court in *Dameron* v. *Brodhead*, 345 U.S. 322 [73 S.Ct. 721, 97 L.Ed. 1041, 32 A.L.R.2d 612], where the court was confronted by an attempt of the City of Denver to assess a personal property tax on a serviceman's furniture. The city argued that the Relief Act did not apply because the state of domicile did not impose any personal property taxes on the furniture. The court rejected this contention, saying at page 326 [73 S.Ct. pp. 723-724, 97 L.Ed. pp. 1045-1046, 32 A.L.R.2d pp. 616-617]: ''The short answer to the argument that it [the Relief Act] therefore only applies where multiple taxation

is a real possibility is that the plain words of the statute do not say so. . . . There is no suggestion that the state of original residence must have imposed a property tax. . . . In fact, though the evils of potential multiple taxation may have given rise to this provision, Congress appears to have chosen the broader technique of the statute carefully, freeing servicemen from both income and property taxes imposed by any state by virtue of their presence there as a result of military orders.''

Although the court in *Dameron* had before it a question involving the taxation of personal property, nevertheless the Relief Act expressly includes within the purview of section 574 the licensing of automobiles as taxation of personal property. It is true that automobiles are dealt with separately in subdivision (2) but the different treatment is only in respect to the manner in which vehicles may qualify to be treated as other personal property, and where it appears that the serviceman has paid such charges as may have been assessed by his domiciliary state the language of the statute leaves no room for different treatment insofar as tax or other charges are concerned. As the *Dameron* case cannot be distinguished in any material respect it follows that if the domiciliary state chooses not to exact a vehicular registration or licensing charge from its residents, the prohibition against other states from doing so would appear to be well within the intent and purpose of the Relief Act.

It is thus manifest that defendant was not subject to those provisions of section 4000 of the Vehicle Code requiring the payment of fees and penalties, and that his conviction thereunder is improper. In view of the foregoing it is not necessary that we determine the merit, if any, in defendant's further contention that the failure to exempt him from registration under other statutory provisions is a denial of the equal protection of the laws. (Veh. Code, § 6701.)

The judgment is reversed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Schauer, J.,* and Dooling, J.,* concurred.

Respondent's petition for a rehearing was denied November 4, 1964. Mosk, J., did not participate therein.

---

*Retired Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.