[Civ. No. 11802. Second Appellate District, Division Two.—June 3, 1938.]

WILLIAM DOSTER NOLAND, Petitioner, v. THE SUPERIOR COURT OF VENTURA COUNTY et al., Respondents.

Lin Price for Petitioner.

No appearance for Respondents.

McCOMB, J.—This is an original application for a writ of prohibition to restrain respondent Superior Court from proceeding to hear an order to show cause relative to the modification of the provisions in a divorce decree pertaining to the custody of a minor child.

The essential facts are:

December 15, 1934, Vyola Bubb Noland, wife of petitioner, obtained in the state of Nevada a decree of divorce from petitioner, which decree awarded the custody of a minor child of the parties to petitioner's wife, giving to petitioner the right to visit and see the child at all reasonable times. October 3, 1935, petitioner instituted a proceeding before respondent Superior Court, asking for a modification of the Nevada divorce decree in certain particulars relative to the custody of the child of the parties. December 23, 1937, petitioner in the state of Nevada obtained an order modifying the decree of divorce to provide that the custody of the minor child should be awarded to him with the right of the child's mother to see the child at certain specified times. December 27, 1937, petitioner's wife obtained an *ex parte* restraining order from respondent Superior Court restraining petitioner from taking their minor son from her.

February 7, 1938, the order to show cause issued October 3, 1935, was called for hearing before respondent court, at which time petitioner made a motion to dismiss the order to show cause on the ground that the court was without jurisdiction to hear the matter. Respondent's answer to the petition filed in this court alleges that petitioner's motion was taken under submission and is still pending and undecided before respondent court. This latter fact was admitted on the argument before us.

This is the sole question to determine:

■ *If the question of an inferior court's jurisdiction has been raised by an appropriate objection and remains undetermined in said court, will a writ of prohibition issue to restrain said court from taking further proceedings in the case before it?*

This question must be answered in the negative. The law is settled that, if the question of the jurisdiction of an inferior court has been raised by an appropriate objection, an appellate court will not issue a writ of prohibition to restrain further proceedings in the lower court until the inferior court

has ruled upon the question which has been presented for its determination. (*Chester* v. *Colby*, 52 Cal. 516, 517; 21 Cal. Jur. (1925) 628; 50 Cor. Jur. (1930) 697.)

For the foregoing reasons the application for a writ of prohibition is denied and the alternative writ heretofore issued is discharged.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 24, 1938, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 1, 1938.