[Civ. No. 9808.   Third Dist. ·  Oct. 17, 1960.]

RAY SHAFFER, Respondent, v. JUSTICE COURT FOR CHICO JUDICIAL DISTRICT OF BUTTE COUNTY, Appellant.

Stanley Mosk, Attorney General, Willard A. Shank, Deputy Attorney General, C. Keith Lyde, District Attorney, and Loyd H. Mulkey, Jr., Deputy District Attorney, for Appellant.

Frederick C. Kracke as Amicus Curiae on behalf of Appellant.

Robert E. Laughlin for Respondent.

WARNE, J. pro tem.*—This is an appeal by the Justice Court of the Chico Judicial District from a judgment (order) of the Superior Court of Butte County, granting Ray Shaffer a peremptory writ of prohibition commanding the justice court to desist and refrain absolutely from any further proceeding in the case of *The People of the State of California* v. *Ray Shaffer,* pending before said court.

By a criminal complaint Shaffer was charged with a violation of section 7028 of the Business and Professions Code of the State of California, in that he "did wilfully and unlawfully act in the capacity of a contractor, without having been issued a license by the registrar of Construction of the State of California, so to do and not being exempt by the Division of said code."

---

*Assigned by Chairman of Judicial Council.

The defendant Shaffer was arraigned and pleaded not guilty and the matter was set for trial for June 18, 1959, before the appellant justice court.

In his petition for a writ of prohibition to restrain the justice court respondent asserted that the statute (Bus. & Prof. Code, § 7028) is unconstitutional and void, and hence it is ineffective to confer jurisdiction upon the appellant to entertain any proceedings against him on said charge, or for any other purpose. However, he did not in the justice court challenge the jurisdiction of that court by demurrer, motion, plea or other objection so the court could preliminarily decide the question of whether it had jurisdiction. Therefore there was nothing for the superior court to prohibit.

The general rule applicable to the exercise of discretion upon the part of a higher court issuing a writ of prohibition is stated in *Rescue Army* v. *Municipal Court*, 28 Cal. 2d 460, 464 [171 P.2d 8], as follows:

"The Bell case correctly declares that the trial court has jurisdiction to determine whether the statute is constitutional, and the same is true as to any other jurisdictional defense. The mere assertion of a claim of unconstitutionality does not oust the trial court of jurisdiction, because the very issue of constitutionality is one which the court has jurisdiction to determine. (See discussion, *In re Bell, supra,* 19 Cal.2d 488, 492 [122 P.2d 22].) This proposition, however, is not inconsistent with the holding that prohibition lies to restrain a court from proceeding without or in excess of jurisdiction. (See *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]; *Hill* v. *Superior Court,* 16 Cal.2d 527 [106 P.2d 876].) A court has jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and it must have authority to decide that question in the first instance. It is necessary, therefore, to challenge the jurisdiction of the trial court *in that court,* by demurrer, motion, plea or other objection of some kind, so that *that court* may preliminarily decide the question whether it has jurisdiction to proceed. And unless a party can show that a lower tribunal, *after first determining that it has jurisdiction, is proceeding to exercise it,* there is nothing for a higher court to prohibit. This obvious principle is one of the cornerstones of our system of lower and higher tribunals."

Or as stated in *Abelleira* v. *District Court of Appeal, supra,* at pages 302, 303:

". . . [A] tribunal has jurisdiction to determine its own jurisdiction. This is a truism, and, subject to certain implicit limitations, is ordinarily a correct statement of law. It has its origin mainly in the cases holding that a court has inherent power to inquire into jurisdiction of its own motion, regardless of whether the question is raised by the litigants. [Citing texts and cases.] It rests also upon the theory that until the court determines that it has jurisdiction and does some act in consequence, there can be no injury to the party who denies its jurisdiction. (See *Noland* v. *Superior Court,* 26 Cal.App. 2d 708 [80 P.2d 76].) It means only that the trial court or lower tribunal or body to which the question is submitted has such jurisdiction to make the first preliminary determination—not a final one; and no interference is permitted until it does decide the matter one way or the other. Until it acts to assume or refuse jurisdiction over the merits no one is entitled to complain.

"But once the tribunal, judicial or administrative, has made this determination of the issue, and has acted to assume jurisdiction of the cause, the rule no longer has any meaning. . . ."

In the instant case, pending the hearing on the petition, Shaffer's attorney executed and filed an affidavit averring that in a prior action filed in the appellant justice court, and before the incumbent judge thereof, one T. E. Walker was charged with a like offense (violation of Bus. & Prof. Code, § 7028), as charged against respondent Shaffer herein; that he represented Walker in the justice court and on Walker's behalf challenged the constitutionality of the statute (jurisdiction) in that court; and that said judge denied Walker's plea as to the unconstitutionality of the statute and found him guilty. It further alleges that Walker filed a notice of appeal to the Superior Court of Butte County and that said appeal is presently pending (July 3, 1959) in said court; and that reference was made to said proceeding and particularly to the decision of respondent court on file in said proceeding. (The decision has not been made a part of the record in this case.)

Shaffer argues that in view of the decision of the respondent court in the Walker case it would have been an idle act to have moved the appellant justice court for a dismissal of the action as a prerequisite to seeking a writ of prohibition, presumably upon the belief that the decision would have been the same in the instant case. This contention is, indeed, a poor excuse and cannot be sustained. The whole argument rests upon an illogi-

cal and impractical basis, since it permits the party applying to the higher court to assert without any conclusive proof, and without any possibility of successful challenge, the outcome of a ruling or decision which the trial court has not even been permitted to make. This argument, as noted in the Abelleira case, *supra,* at page 301, though successful in a few cases, has been rejected by the weight of authority. While the Abelleira case was one primarily considering exhaustion of administrative remedies, the rule, nevertheless, by analogy applies with equal force to the instant case.

Since the order granting the writ of prohibition must be reversed, we deem it unnecessary and improper at this time to consider the questions presented as to the constitutionality of the contractors' state license law, particularly sections 7026 and 7044 of the Business and Professions Code.

The judgment (order) granting the peremptory writ of prohibition is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied November 4, 1960, and respondent's petition for a hearing by the Supreme Court was denied December 14, 1960.