[Crim. No. 5003.   First Dist., Div. Three.   Dec. 27, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RUBEN REN-TERIA CANDELARIO, Defendant and Appellant.

Robert P. McNamee, under appointment by the District Court of Appeal, and McNamee & Peck for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and Jennifer L. Bain, Deputy Attorneys General, for Plaintiff and Respondent.

DEVINE, J.—The sole contention of appellant is that he was not advised of his right to counsel and to remain silent under the *Dorado* rule (*People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]) as combined with the rule in *Massiah* v. *United States,* 377 U.S. 201 [84 S.Ct. 1199, 12 L.Ed.2d 246]. It is unnecessary to give a detailed recitation of the facts. Briefly, they are similar to many others in cases in which an informer is used. Agents of the State Narcotics Bureau made arrangements for an informer to contact appellant and to try to negotiate a purchase of heroin. This was done successfully. The agents were listening to much of the conversation by the use of a Fargo communications system. The case does have one rather unusual fact (unusual at least as to the records which appear before us) in that Candelario, the appellant, being suspicious of the informer, insisted that the latter take a shot of heroin himself. This the informer did.

Appellant contends (1) that he was in a sort of custody during much of the period when he was under surveillance, as was Massiah, that suspicion had focused on him, and that the officers were attempting to get incriminating statements from him; and (2) that in any event a confession was obtained from him either immediately after his arrest or at the moment of arrest.

Appellant's first point has been disposed of adversely to him in *People* v. *Sogoian,* 232 Cal.App.2d 430, 434 [42 Cal.Rptr. 736], and *Grier* v. *United States,* 345 F.2d 523. One is not entitled to counsel while he is committing a crime. Candelario in particular was aware of the possibility of detection, as shown by his insistence that the informer actually inject himself with heroin.

The asserted confession came about in this way: After the informer had made his purchase and had handed two bindles which he had bought from Candelario to the officers, one of the agents went into action which he described this way: "After receiving the last two bindles I got out of my automobile and walked over to Mr. Candelario's automobile. I walked up to Mr. Candelario's automobile on the driver's side, at that time I asked Mr. Candelario what is wrong, didn't you have any luck getting a piece, and he said uh-huh and at that time I identified myself to Mr. Candelario, opened the car door and immediately placed him under arrest."

Appellant argues that the word "uh-huh" is affirmative in nature and is a confession that he, appellant, did have luck in getting "a piece," which in narcotics jargon means an ounce of heroin. In the first place, it appears rather clearly that the brief answer was given immediately before the arrest, when the agent was still a feigned accomplice. If, however, we consider the answer to have been given concomitantly with the arrest, we hold that it was at most an admission and not a confession. Appellant was charged with and convicted of sale of heroin, not with its mere possession. When the district attorney took upon himself the burden of proving sale, he reduced appellant's answer to an admission if it ever had been anything else. As an admission it would not produce reversal unless it were prejudicial. The case against appellant, on the whole record, is overwhelming.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 23, 1966.