[Civ. No. 30838.   Second Dist., Div. Four.   Aug. 2, 1967.]

SAMUEL S. SHERMET et al., Plaintiffs and Appellants, v. THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

Burton Marks for Plaintiffs and Appellants.

Roger Arnebergh, City Attorney, Bourke Jones and John A. Daly, Assistant City Attorneys, John F. Haggerty and Nowland C. Hong, Deputy City Attorneys, for Defendant and Respondent and for Real Party in Interest and Respondent.

BISHOP, J. pro tem.*—Petitioners, disappointed in their endeavor to put a stop to a prosecution against them on a misdemeanor charge, have appealed from the judgment discharging their alternative writ of prohibition and denying them a peremptory writ. We must take care, as we consider the contentions made, to remember that the question before us is not that to be decided in the misdemeanor prosecution, but that presented by this proceeding which would put a stop to the prosecution. We are persuaded that, whatever the fate of the prosecution may be, it has not been made to appear that it should not go on, and we are affirming the judgment putting an end to the attempted prohibition.

The legislative enactment upon which the prosecution rests is variously referred to throughout the record. It appears as an exhibit attached to points and authorities presented by petitioners' attorney. This exhibit is captioned: "Sec. 43.01. GAMBLING—DICE SHAKING" and begins with this recital:

"The following initiative ordinance is Ordinance No. 36674, approved June 5, 1917, by more than a majority of qualified electors of this City. The placing of this ordinance in this Code shall not be construed as altering, amending or repealing said ordinance. Any violation of the provisions of Ordinance No. 36674 shall not be deemed to be a violation of any of the provisions of this Code, but shall be deemed to be a violation of said Ordinance and punishable as therein provided."

Following this recital we have:

"Ordinance No. 36,674

(New Series)

"An Ordinance prohibiting the shaking of dice for money or merchandise and prohibiting the keeping or permitting to be kept places for playing certain games in the City of Los Angeles not prohibited by Section 330 or 330a of the Penal Code, and prohibiting the playing or betting at such games.

"The People of the City of Los Angeles do ordain as follows:

"Section 1. It shall be unlawful for any person, either as principal, agent, employee or otherwise, to keep, conduct or maintain within the City of Los Angeles, any house, room, apartment or place used in whole or in part as a place where any game not mentioned in Section 330 or 330a of the Penal

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Code of the State of California is played, conducted, dealt or carried on, with cards, dice, billiard balls, pools [*sic*] balls, cues or other device, for money, checks, chips, credit or any other representative of value or for any merchandise or any other thing of value.''

We will find, in our record, no other reference to ''Ordinance No. 36674'' but references to it, nevertheless, by these designations: ''section 43.01, Los Angeles Municipal Code'' and ''section 43.01.1, Los Angeles Municipal Code.'' For example, in paragraph IV of the Petition for Writ of Prohibition, in the proceeding before us, we find petitioners alleging that they had been advised that a complaint had been filed against them, charging them with a violation of ''section 43.01.1 of the Los Angeles Municipal Code.'' Then, in the succeeding paragraph, they allege that they had demurred to the complaint, one of the grounds being that ''section 43.01 of the Los Angeles Municipal Code had been preempted by State law (California Penal Code section 337(a))'' (by which reference they doubtless meant section 337a.) Elsewhere in paragraph V they speak of section ''43.01.1.''

Our conviction that ''ordinance 36674'' and sections ''43.01'' and ''43.01.1'' are three references to the same bit of municipal legislation is re-enforced by the municipal court complaint which gave rise to this litigation. No copy of it appears in the record before us, but taking permissive judicial notice of it (see subd. (d) of § 452, Evid. Code), we obtained the municipal court's copy and find that it charges the petitioners with having committed a misdemeanor, to wit, ''Violation of Section 43.01.1 of the Los Angeles Municipal Code'' in that they did ''wilfully and unlawfully as principal, agent, employee, and otherwise, keep, conduct and maintain a house, room, apartment and place used in whole and in part for playing, conducting, dealing and carrying on therein a game not mentioned in Section 330 and 330-A [*sic*] of the Penal Code . . . to-wit, card game for money.'' The complaint is in two counts, identical except for the dates of the offenses.

Prior to filing their petition for a writ of prohibition, the appellants had demurred to the misdemeanor complaint, filed a motion to dismiss, a motion to suppress, declarations, exhibits and points and authorities, all with the municipal court, in an endeavor to stave off the prosecution. We have already touched upon one of their grounds of attack: that the state law had so occupied the field that section 43.01 of the Municipal Code had no effect. If that were so, it would have

been fatal to the prosecution itself, and the municipal court would have been without jurisdiction to press its charges. In that event, of course, a peremptory writ of prohibition should follow its refusal to heed the objections made to its continued prosecution. But, surprisingly perhaps, in view of *In re Lane* (1962) 58 Cal.2d 99 [22 Cal.Rptr. 857, 372 P.2d 897] it is established that in the area in which we are here interested, the state has not so ''occupied the field'' to make use of the test of the *Lane* case, that any local legislation is ''in conflict with the general law,'' to put the test of section 11 of article XI of the state Constitution. (See *In re Hubbard* (1964) 62 Cal.2d 119, 124-127 [41 Cal.Rptr. 393, 395-398, 396 P.2d 809], and cases considered.) This argument, that the prosecution against our petitioners must fail because of the preemption of the field by general law, prominent at the early stages of our litigation, has been abandoned; it is not a ground advanced on this appeal.

Now we come to the two grounds upon which the appealing petitioners still rely. The first is wrapped up in some constitutional verbiage, but is really this: the prosecution is based on the theory that bridge is a gambling game, whereas it really is a game of skill and, as such, may not be outlawed. The second ground is that ''section 43.01 . . . has been selectively enforced against appellants'' in that tournament bridge players have been allowed to play, without prosecution, but now the heat is on the petitioners.

These two grounds offered in support of petitioners' appeal fall under the same condemnation: they are put forward on the theory that in a criminal prosecution a course of action, similar to that of the summary judgment proceedings, is permitted. In civil actions the defendant may be heard to say: ''No matter how good a case the plaintiff may be able to make out, here is a defense that he cannot overcome, and I want judgment.'' No such procedure is provided for criminal cases.

In our case, it will be noted, first of all, that neither the code section involved, nor the complaint based upon it, mentions ''bridge'' and each of petitioners' contentions is pertinent only if the game involved is bridge. Then those things which petitioners insist are fatal to the prosecution, and which may prove to be, do not go to the jurisdiction of the court to try the charges made, but the one to the ability of the People to prove the charge and the other to the ability of the defendants in the criminal case, to raise a doubt, at the

trial, as to the fairness of permitting the defendants to be punished for what they did. To sum up: the two matters present questions to be answered at the trial, but do not deprive the court of jurisdiction to go forward with the trial.

In arriving at our conclusion we have not relied on the findings of fact and conclusions of law. The record before us, and the original files sent for and examined, reveal no answer or similar pleading to the petition for a writ of prohibition. Section 1094, Code of Civil Procedure, made applicable to prohibition proceedings by section 1105 of the same code, says: "If no answer be made, the case must be heard on the papers of the applicant." Those papers included, by apt reference, a declaration made by its attorney, and the city attorney filed points and authorities in opposition. These latter, however, are not to be given the effect of an answer, but "Such memorandum is in the nature of a brief filed for the benefit of the court and had no effect on the procedure provided for in section 1094, . . ." (*Wilson* v. *Los Angeles County Civil Service Com.* (1951) 103 Cal.App.2d 426, 431 [229 P.2d 406, 409].) Our conclusion—we reiterate—while in harmony with the findings and conclusions, is in no way dependent on them.

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.