260 Cal.App.2d 819 (1968)
67 Cal. Rptr. 479
HARRY EDWARD SCHAEFFER, Plaintiff and Respondent,
v.
THE MUNICIPAL COURT OF THE SANTA BARBARA-GOLETA JUDICIAL DISTRICT OF SANTA BARBARA COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Appellant.
Docket No. 32036.
Court of Appeals of California, Second District, Division One.
April 8, 1968.
Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Jack K. Weber, Deputy Attorney General, David D. Minier, District Attorney, and Charles F. Catterlin, Deputy District Attorney, for Defendant, Real Party in Interest and Appellant.
Crawford, Schwartz, Wood & Otero and Jack A. Otero for Plaintiff and Respondent.
*820 No appearance for Defendant and Respondent.
FOURT, J.
This is an appeal by the People, as real party in interest, from a writ of prohibition granted by the superior court to Harry Edward Schaeffer, ordering the municipal court "to absolutely and permanently desist and refrain from the trial" to determine whether Schaeffer was guilty of drunk driving.
[1] The People dispute the conclusion of the trial court that Schaeffer, earlier arrested and charged with misdemeanor drunk driving, was deprived of his right to counsel in violation of the due process clause of the federal Constitution. We have determined that the writ of prohibition was improperly granted.
The facts, which are not in dispute, disclose that at about 11:45 p.m. on March 15, 1967, the California Highway Patrol stopped Schaeffer, who was driving erratically, and gave him a field sobriety test which he failed to pass. The officers then arrested him on suspicion of violating section 23102, subdivision (a) of the California Vehicle Code and promptly advised him of his right to have an attorney. He was taken in custody to the county breathalyzer testing facility where he was offered a choice of chemical tests to determine the degree of his inebriation. (Veh. Code, § 13353, subd. (a).) When he refused to make a selection between these tests, he was advised that the penalty for failure to select and submit to a test would be the loss of his driver's license for a period of up to six months, in the discretion of the Department of Motor Vehicles. (Veh. Code, § 13353.) He thereupon requested the use of the telephone to call his attorney before submitting to a chemical test and to call his own physician to administer one of the required chemical tests. He refused absolutely to submit to a chemical test administered by anyone else without the advise of counsel. The officers refused to allow him to call anyone before booking was completed and a chemical test given, hence no test was administered.
At approximately 12:30 a.m. on March 16, 1967, Schaeffer was delivered to the Santa Barbara sheriff's office for incarceration. There the officers attempted to book Schaeffer, but he refused to sign the booking sheet. When he thereafter requested the use of a telephone from the jailers he was once more informed that he could use the telephone only after booking was completed. The officers did not consider booking complete until 8:30 a.m. on March 16, 1967, when he signed *821 the booking sheet as requested, and Schaeffer was allowed to make no phone calls prior to that time.
In its memorandum decision the superior court indicated that it considered irrelevant to the issue presented the statutory right to phone calls after booking (Pen. Code, § 851.5), the cases prohibiting the use of coerced confessions, and the cases concerning the privilege against self-incriminating admissions. The trial court further observed that the accused had the constitutional right to counsel at all stages of the proceedings if his demands in that regard were made known to the officers, and found that the refusal of the officers to allow him to contact his attorney before submitting to a chemical test constituted a denial of due process. On this ground the municipal court was prohibited from proceeding.
Respondent here contends, as he successfully contended before the superior court, that the municipal court was without jurisdiction to conduct a trial on the charges made against him because police conduct prevented him from having chemical test results to present at his trial. He concedes, however, that he did not submit the jurisdictional issue to the municipal court for prior determination, nor did he take any further action in that proceeding. Instead, respondent directly petitioned the superior court for a writ prohibiting the municipal court from proceeding to the scheduled trial.
Appellant, on the other hand, argues that the superior court exceeded its jurisdiction in issuing the writ without inquiry or showing that the jurisdictional question was first raised by plea, demurrer or other objection before the municipal court and there determined adversely to respondent. The legal authorities support this position. "We cannot prejudge the action of the trial court, nor should a writ of prohibition be predicated upon conjecture." (Buzard v. Justice Court, 198 Cal. App.2d 814, 818 [18 Cal. Rptr. 348].) "Ordinarily, a reviewing court will not grant prohibition until an objection to jurisdiction has been made and overruled in the lower court, since it is assumed that any valid objection properly brought to the attention of that court will prevail, and the writ will be unnecessary. [Citations.]" (Sayegh v. Superior Court, 44 Cal.2d 814, 815 [285 P.2d 267].)
It has been clearly established that a court may exceed its authority in assuming jurisdiction under circumstances where the denial of the defendant's right to counsel constitutes a deprivation of due process. (Powell v. Alabama, 287 U.S. 45, 68-70 [77 L.Ed. 158, 170-171, 53 S.Ct. 55, 84 A.L.R. 527]; *822 Mendoza v. Small Claims Court, 49 Cal.2d 668, 673 [321 P.2d 9]; In re Dennis, 51 Cal.2d 666, 674 [335 P.2d 657].) Although we question whether the conduct of the police herein described constitutes such a gross deprivation[1] we are persuaded that the municipal rather than the superior court had the prior prerogative and obligation to determine that issue. "Inasmuch as it is clear that respondent ... court has jurisdiction of the parties and the subject matter and since, ... there are several possible ways by which it could have properly and adequately exercised that jurisdiction, there is every reason for here following that sound rule. [Citations.] It follows, therefore, that had the point now urged before the appellate courts been properly placed before the respondent ... court, that court could have, and we must presume would have, devised a procedure that would have fully protected *823 petitioner's right[s].... Petitioner's failure to do so has caused extended and unwarranted litigation in this case and presents an ideal example of the reason for the rule." (Citizens Utilities Co. v. Superior Court, 59 Cal.2d 805, 814 [31 Cal. Rptr. 316, 382 P.2d 356].)
Since, as we have observed, respondent failed to offer the municipal court the opportunity to consider the question, he had no grounds to invoke the superior court's jurisdiction, which was improperly assumed. "`... A court has jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and it must have authority to decide that question in the first instance. It is necessary, therefore, to challenge the jurisdiction of the trial court in that court, by demurrer, motion, plea or other objection of some kind, so that that court may preliminarily decide the question whether it has jurisdiction to proceed. And unless a party can show that a lower tribunal, after first determining that it has jurisdiction, is proceeding to exercise it, there is nothing for a higher court to prohibit. This obvious principle is one of the cornerstones of our system of lower and higher tribunals.'" (Schaffer v. Justice Court, 185 Cal. App.2d 405, 407 [8 Cal. Rptr. 269].)
"[U]ntil the court determines that it has jurisdiction and does some act in consequence, there can be no injury to the party who denies its jurisdiction. [Citation.] It means only that the trial court or lower tribunal or body to which the question is submitted has such jurisdiction to make the first preliminary determination  not a final one; and no interference is permitted until it does decide the matter one way or the other. Until it acts to assume or refuse jurisdiction over the merits no one is entitled to complain." (Abelleira v. District Court of Appeal, 17 Cal.2d 280, 303 [109 P.2d 942, 132 A.L.R. 715].)
We therefore perceive that respondent could not properly allege facts sufficient to establish the jurisdiction of the superior court. Respondent asserts, however, in support of his position that this requirement is based upon mere courtesy between courts, to aid in minimizing unnecessary litigation, and is not a jurisdictional matter. (Monterey Club v. Superior Court, 48 Cal. App.2d 131 [119 P.2d 349].) We do not agree. Although the undisputed basis for the rule encompasses respect for and consideration of the lower court in the interests of minimizing litigation, this does not render it any the less a jurisdictional rule, the effect of which is not obviated by *824 the People's failure to bring it to the superior court's attention. Moreover, in the case relied upon by respondent the court noted that the rule was liberally interpreted because the petitioner entitled to relief "... was not a party to the proceedings in respondent court and therefore had no opportunity to there object on jurisdictional grounds...." (Monterey Club v. Superior Court, supra, 48 Cal. App.2d 131, 143.)
Respondent urges that there is no proper procedure to attack the jurisdiction or proceeding in the municipal court. A review of recent cases, however, suggests that others have utilized appropriate procedures to present similar issues to the court. (Gail v. Municipal Court, 251 Cal. App.2d 1005, 1007 [60 Cal. Rptr. 91].) This court has frequently observed the ingenuity of counsel: "Prior to filing their petition for a writ of prohibition, the appellants had demurred to the misdemeanor complaint, filed a motion to dismiss, a motion to suppress, declarations, exhibits and points and authorities, all with the municipal court, in an endeavor to stave off the prosecution." (Shermet v. Municipal Court, 253 Cal. App.2d 165, 167 [61 Cal. Rptr. 112].)
Ultimately, the municipal court must devise a procedure for dealing effectively with the situation herein presented. Patently neither party has available chemical test results. The violation of due process, if not sufficient to deprive that court of jurisdiction of the cause may nonetheless entitle the accused to a motion to strike or to suppress evidence, to prohibit the People from introducing evidence accumulated by the police following Schaeffer's request for counsel, including his refusal to submit to a chemical test and his responses to any interrogation incident thereto. In summary, that which respondent contends is fatal to the prosecution of the action against him by the People, and which may prove to be, appears to go to the evidence and the ability of the People to prove the charge, rather than to the jurisdiction of the court to try the case upon the application of compensatory safeguards.
The order appealed from is reversed discharging the writ of prohibition.
Wood, P.J., and Lillie, J., concurred.
A petition for a rehearing was denied May 6, 1968, and the petition of the plaintiff and respondent for a hearing by the Supreme Court was denied June 5, 1968.
NOTES
[1] We note that the accused has no right to counsel while committing a crime (People v. Sogoian, 232 Cal. App.2d 430 [42 Cal. Rptr. 736]; People v. Candelario, 239 Cal. App.2d 68 [48 Cal. Rptr. 494]; People v. Ayers, 237 Cal. App.2d 351 [46 Cal. Rptr. 878]; Grier v. United States, 345 F.2d 523); nor during a traffic stop investigation (People v. Jackson, 164 Cal. App.2d 759 [331 P.2d 63]; People v. Beverly, 200 Cal. App.2d 119 [19 Cal. Rptr. 67]); nor during the "field" sobriety test administered to one suspected of driving under the influence of alcohol or narcotics (People v. Bellah, 237 Cal. App.2d 122, 127 [46 Cal. Rptr. 598]). The admission of blood test evidence does not violate the defendant's privilege against self-incrimination, (People v. Haeussler, 41 Cal.2d 252, 257 [260 P.2d 8]) and taking a blood sample incident to a lawful arrest and in a medically approved manner does not constitute an unreasonable search and seizure (People v. Duroncelay, 48 Cal.2d 766, 771 [312 P.2d 690]), or a coerced confession (People v. Sudduth, 65 Cal.2d 543 [55 Cal. Rptr. 393, 421 P.2d 401]; People v. Graves, 64 Cal.2d 208 [49 Cal. Rptr. 386, 411 P.2d 114]; People v. Dinkins, 242 Cal. App.2d 892, 903 [52 Cal. Rptr. 134]). It has been further determined that a drunk driving suspect has no constitutional right to refuse a test designed to produce physical evidence in the form of a breath sample (People v. Sudduth, supra); nor to have counsel prior to the time he must elect to refuse or submit to a chemical test to determine intoxication (Schmerber v. California, 384 U.S. 757 [16 L.Ed.2d 908, 86 S.Ct. 1826]) but he has impliedly consented and is required to submit to a test whether or not he is then represented by counsel. (People v. Gilbert, 63 Cal.2d 690, 709 [47 Cal. Rptr. 909, 408 P.2d 365].) This conclusion is based upon the fact that no testimonial compulsion or enforced communication by the accused is involved in the extraction of a blood, breath or urine sample, or the chemical analysis thereof. (Schmerber v. California, supra.)

Consequently, where the accused, arrested upon probable cause, refuses to submit to field sobriety tests or to scientific tests specifically delineated by statute, it would appear that he is not entitled to a writ of prohibition. (People v. Duroncelay, supra, 48 Cal.2d 766.) "The value of such objective scientific data of intoxication to supplement the fallible observations by humans of behavior seemingly symptomatic of intoxication cannot be disputed. [Citation.] In a day when excessive loss of life and property is caused by inebriated drivers, an imperative need exists for a fair, efficient, and accurate system of detection, enforcement and, hence, prevention. [Citation.]" (People v. Sudduth, supra, 65 Cal.2d 543, 546.)