**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Louis LEYVA–BARRAGAN, Defendant-
Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Otila NAVAIRA–PEREZ, Defendant-
Appellant.**

**Nos. 22723–4.**

United States Court of Appeals,
Ninth Circuit.

March 23, 1970.

Joseph C. Raineri (argued), Phoenix, Ariz., for Leyva-Barragan.

Anita Lewis (argued), Phoenix, Ariz., for Navaira-Perez.

John Augustine (argued), Jo Ann D. Diamos, Asst. U. S. Attys., Richard K. Burke, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before MADDEN, Judge of the United States Court of Claims, and MERRILL and HUFSTEDLER, Circuit Judges.

MERRILL, Circuit Judge.

■ These appeals are taken from convictions of violations of 21 U.S.C. § 176a for having received, concealed and facilitated the transportation and concealment of marijuana. The case must be remanded for new trial under Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), handed down after trial but during pendency of this appeal and made applicable to this case by our recent decision in United States v. Scott, 425 F.2d 55 (9th Cir. March 6, 1970).

Certain issues raised on appeal involve questions that will arise again on new trial. Accordingly we deal with them.

Appellants were arrested in Nogales, Arizona, June 26, 1967. Prior to arrest they had twice been observed in each other's company in Nogales, Mexico. Later, appellant Perez crossed the United States border in a car. It was thoroughly searched but nothing was recovered. At the same time appellant Barragan crossed the border on foot. He, too, was searched but nothing was recovered. Thereafter the Perez car was kept under surveillance. It was observed making many U-turns. Appellant Barragan was picked up by appellant Perez and the car started to head north. Border police then stopped the car by siren and flashing light. As the car slowed to a stop a flurry of activity among the occupants was observed and an object was thrown from the car. It was recovered and turned out to be a brick of marijuana.

An issue on appeal relates to the admissibility of the marijuana. It is contended that there was no probable cause for an arrest and no basis for search; that the marijuana was tainted as fruit of a poisoned tree.

■■ We find no merit in this contention. Recovery of the marijuana was not the result of any search; no private place was invaded. Nor was its discovery a product of an illegal arrest, for border police may stop automobiles and make inquiries when they reasonably suspect that contraband is in the car.[1] The conduct of appellants was sufficient to arouse the suspicion of the border police and to justify a stopping of the car for purposes of inquiry. Compare Jackson v. United States, 408 F.2d 306 (9th Cir. 1969). Whether at the moment the marijuana was abandoned there was probable cause to believe a crime was being committed is thus not a material inquiry.

Appellant Perez contends that there was insufficient evidence to connect her with the marijuana. We cannot agree. Under the circumstances the jury was warranted in finding a concert of action.

Reversed and remanded.

---

1. See Grier v. United States, 345 F.2d 523 (9th Cir. 1965). We find support for our holding in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 1912, 20 L.Ed. 2d 917 (1968), which sustained against constitutional attack "stops and frisks" based upon reasonable suspicion.