[No. B010193. Second Dist., Div. Two. May 31, 1985.]

FRANCHISE TAX BOARD, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ROBERT W. McKEAN et al., Real Parties in Interest.

972

COUNSEL

John K. Van de Kamp, Attorney General, Edmond B. Mamer and Diane M. Spencer, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Overland, Berke, Wesley, Gits, Randolph & Levanas, Mark E. Overland, Stanley L. Dorn and Carl Burkow for Real Parties in Interest.

OPINION

ROTH, P. J.—On February 9, 1983, Robert McKean was arrested and charged with possession of controlled substances for sale, a violation of Health and Safety Code section 11351. The police seized $171,785 and a large quantity of jewelry and firearms.

On February 10, McKean executed the following assignment: "In consideration of CARL BURKOW, Attorney at Law, representing me in the criminal proceedings arising out of my arrest by officers of the Los Angeles Police Department on February 9, 1983. I ROBERT WILLIAM McKEAN hereby assign to CARL BURKOW, all of my rights, title and interest in and to all of the money seized by said Officers in the approximate sum of $171,185.00 (one hundred seventy one thousand one hundred eighty five dollars). I hereby direct and authorize the Los Angeles Police Department to release said funds to my said Attorney." Personal property also embraced in the assignment is set forth in the appendix attached hereto.

On February 10, 1983, the Franchise Tax Board (Board) issued and delivered to the police department 10 minutes after Burkow presented his assignment an "order to withhold personal income tax" pursuant to Revenue and Taxation Code section 18817. The order to withhold directed the police department to withhold and transmit $217,076 to the Board to satisfy an assessment for personal income taxes.

On February 10, 1983, the Los Angeles District Attorney filed in court a petition for forfeiture pursuant to Health and Safety Code section 11470,

seeking forfeiture of the money and property seized at McKean's arrest. The district attorney also filed a request for order prohibiting release of property seized. That order issued February 11, 1983.

McKean filed an answer to the district attorney's petition for forfeiture on March 4, 1983. The hearing on the forfeiture petition was held over a year later, on December 17, 1984. The district attorney was represented at this hearing, but the Franchise Tax Board was not.

Following defendant's plea of no contest to the charged offense, a forfeiture hearing was held in December 1984. Present at the hearing were the district attorney and defendant's counsel; no representative of the Franchise Tax Board attended. The trial court found $40,000 of the cash traceable to drug transactions and thus ordered it forfeited; the remainder of the property was to be returned to defendant. The only reference to the Franchise Tax Board lien occurred in the following colloquy:

"The Court: All right. The court will find the $40,000 found by the cocaine was related to that. But I—the other matter, the guns, the jewelry and the other money found in the safe will be ordered—who is that returnable to?

"[Deputy DA:] I don't know. It can be ordered returned to the attorneys, your honor.

"I understand there is a Franchise Tax Board lien against some of that property, if not all of it. I don't know the status of that.

"[Defendant's Counsel:] The purpose of these proceedings is for the court to make an order. If in fact there was any lien on that property, this court would have no jurisdiction under 11470 of the Health and Safety Code.

"As long as this proceeding was filed by the District Attorney's Office, the court has jurisdiction to make that order.

"The Court: I have to order it returned.

"The court will find the $40,000 is—may be kept by the District Attorney's Office. The other items, the guns, the jewelry and the money found in the other safe will be ordered returned.

"[Deputy DA:] Fine."

Defense counsel was instructed to prepare an appropriate order and the matter was continued until January 8, 1985.

The only explanation we have for this absence is the following statement made at a later hearing on January 8, 1985:

"The problem was it didn't get to the attorneys—it did not get to the Attorney General's Office. Apparently there were some people in our office, in the District Franchise Tax Board Office who had knowledge of the forfeiture proceeding but it never got over to legal—." The only mention of the Board's order to withhold during the December 17 hearing is the following statement of the deputy district attorney: "I understand that there is a Franchise Tax Board lien against some of that property, if not all of it. I don't know the status of that." Respondent court found that $40,000 was forfeitable, while the balance of the money and all of the personal property was not. Counsel for McKean, Burkow and Overland, were directed to prepare an order. Burkow and Overland presented their proposed order, which provided for return of all the property assigned except that forfeited by reason of the lien filed by the district attorney to them. Board, through its attorney, protested. Board requested that the proposed order be modified to provide that nonforfeited property remain subject to any order to withhold issued by the Franchise Tax Board. Respondent court refused the request. This petition for alternative or peremptory writ of mandate followed. We issued the alternative writ.

■ Wholly aside from the fatal legal defects hereafter discussed, we hold that the record on its face shows that the assignment is presumptively fraudulent. Generously construed it may be considered to be a pledge in the sum of approximately $200,000 cash plus other property of substantial value to secure payment of reasonable attorney's fees after full satisfaction of the claims of Franchise Tax Board and the district attorney.

Initially we are confronted with the fact that Health and Safety Code section 11470 was amended effective January 29, 1985, while the action was pending. We must determine which version is controlling. ■ The general rule is that a statute will not be applied retroactively unless the Legislature clearly intended that result. (*Pacific Intermountain Express* v. *National Union Fire Ins. Co.* (1984) 151 Cal.App.3d 777, 781 [198 Cal.Rptr. 897].) We find no indication, and the parties have brought none to our attention of a legislative intention to apply the changes retroactively. Therefore, the 1985 amendment should have been ignored.

The relevant version of Health and Safety Code section 11470 states in part: "The following are subject to forfeiture: . . .

"(f) *With the exception of moneys, negotiable instruments, securities, or other things of value upon which the Franchise Tax Board has served a*

*notice to withhold* pursuant to the provisions of Section 18817 or 26132 of the Revenue and Taxation Code, all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance . . . To the extent that any moneys, negotiable instruments, securities, or other things of value are returned or refunded by the Franchise Tax Board to the taxpayer as a result of a redetermination or abatement of the tax due subsequent to the serving of a notice to withhold, such things of value shall be subject to the forfeiture provisions of this subdivision." (Italics added.)

█ The language of the statute is quite plain: If the Board has issued an order to withhold, the property is not subject to forfeiture proceedings. Only after the Board has returned or refunded the property may the district attorney seek forfeiture. Thus, the court below had no jurisdiction to dispose of the subject property in the forfeiture proceeding.

Parties in interest raise a number of objections to avoid this result. First, they assert the trial court did not err because the Franchise Tax Board made no appearance at the December hearing and it cannot be faulted for failing to honor the Franchise Tax Board order to withhold because the order was not properly brought to the attention of the court.

The simple answer is that the court did in fact know of the order and set aside an order of another department of the superior court which did order such hold. At the December 17 hearing, in answer to the court's question, "Who is [the property] returnable to?" the deputy district attorney replied, "I don't know. It can be ordered returned to the attorneys, your Honor. I understand there is a Franchise Tax Board lien against some of that property, if not all of it. I don't know the status of that." Admittedly, this answer leaves much to be desired from the point of view of clarity; it nevertheless apprised the trial court of the probability it lacked jurisdiction. All that doubt was removed at the January 8 hearing in which an attorney for the Board appeared and asserted the Board's superior claim. There would have been no difficulty in recognizing the Board's right to the property, since at that moment the order had not been signed. The court abused its discretion by saying, "What I intended to do was just release the stuff and then the attorneys and the Tax Board and the Attorney General can argue about that. I'm not involved in that."

Pragmatically, real parties do not actually claim that the court did not "know" of the order to withhold. Their argument is that no "evidence" of the order to withhold was presented. They assert that oral representations by counsel to the lower court do not constitute *evidence* which can be considered in reviewing the lower court's ruling.

We do not agree. The cases which real parties cite simply hold that the appellate court may not rely on evidence which was not before the trial court. (See *Wilder* v. *Superior Court* (1979) 92 Cal.App.3d 90, 93-94 [154 Cal.Rptr. 494]; *Cooke* v. *Superior Court* (1978) 83 Cal.App.3d 582, 587 [147 Cal.Rptr. 915]; *Derry* v. *Superior Court* (1968) 266 Cal.App.2d 556, 559-560 [72 Cal.Rptr. 313].) We hold that counsel's oral representations and the prior hold order were adequate evidence of the order to withhold.

■ Real parties next argue that the Board cannot raise the question of lack of jurisdiction for the first time on review. ■ " 'Ordinarily, a reviewing court will not grant prohibition until an objection to jurisdiction has been made *and overruled* in the lower court, since it is assumed that any valid objection properly brought to the attention of that court will prevail.' " (*Schaeffer* v. *Municipal Court* (1968) 260 Cal.App.2d 819, 821 [67 Cal.Rptr. 479].)

■ Real party Mark E. Overland stated at the January 8 hearing, "The problem with this thing is that this court would not have had jurisdiction except for the fact if, in fact, there would have been a Franchise Tax Board lien on this property. Section 11470 of the Health and Safety Code specifically states that the court has jurisdiction when there is no Franchise Tax Board lien." There is no merit to the notion that the jurisdiction issue was not raised. By issuing the order which is the subject of this writ proceeding, it implicitly settled the jurisdiction question adversely to the Board.

■ Finally, real parties contend that the writ should not issue because on the merits they have a better claim than the Board. They base this claim on Government Code section 7170, subdivision (c), which states in part: "A state tax lien is not valid as to personal property against: . . . (2) Any person (other than the taxpayer) who acquires an interest in the property under the law of this State without knowledge of the lien or who perfects an interest in accordance with the law of this State prior to the time that the notice of state tax lien is filed with the Secretary of State pursuant to [Government Code] section 7171."

Real parties argue that McKean assigned his rights in the seized property to Burkow the day after his arrest. They further affirm they presented the assignment to the Los Angeles Police Department ten minutes before the police received the Board's order to withhold. They conclude that these assertions put them within the orbit of section 7170. Based on our conclusion the purported assignment was invalid, however, the contention must be rejected.

The alternative writ is discharged. Let a peremptory writ of mandate issue compelling respondent court: (1) to vacate its judgment entered on January

8, 1985, to the extent that it required forfeiture in favor of the district attorney and permitted Robert W. McKean to recover itemized property and money and ordered the People of the State of California to turn over said property and cash to Carl Burkow and/or Mark Overland, and (2) to enter a new and different order releasing said property and money to the Franchise Tax Board. The temporary stay order issued by this court on January 18, 1985, is to remain in effect pending the finality of this decision.

Beach, J., and Gates, J., concurred.

## APPENDIX

| | | | | | |
|---|---|---|---|---|---|
| 1. | U.S. Currency Misc Bills | | | | $131,785.00 |

One hundred thirty one thousand and seven hundred eighty five Dollars.

2. U.S. Currency, Misc Coins — $195.43 and ½ cents

3. U.S. Currency, 1-Silver Dollar, 3-$20.00 Gold pieces, 3-$10.00 Gold pieces, 2-$5.00 Gold pieces, 2-$2.50 Gold pieces — TOTAL $106.00

| No. | Type | Serial | Make | Cal. | Description |
|---|---|---|---|---|---|
| 4. | 1 Gun-Auto | 07074 | Browning | .380 | w/clip nickel plated. |
| 5. | 1 Gun-Rev | SA 15461 | Colt | .45 | Blue Steel |
| 6. | 1 Gun-Rev | 4656839 | Ruger | .45 | Blue Steel |
| 7. | 1 Gun-Rev | SA 32175 | Colt | .44 | Nickel |
| 8. | 1 Gun-Auto | 251415S | Walther PPK | 9MM .380 | Blue Steel (2) Magazines |
| 9. | 1 Gun-Auto | 251416S | Walther PPK | 9MM .380 | Blue Steel (2) Magazines |
| 10. | 1 Gun-Auto | 251417S | Walther PPK | 9MM .380 | Blue Steel (2) Magazines |
| 11. | 1 Gun-Auto | 251418S | Walther PPK | 9MM .380 | Blue Steel (2) Magazines |
| 12. | 1 Gun-Auto | 251419S | Walther PPK | 9MM .380 | Blue Steel (2) Magazines |
| 13. | 1 Gun-Auto | 251420S | Walther PPK | 9MM .380 | Blue Steel (2) Magazines |
| 14. | 1 Gun-Rev | CR#911x3 S#N780162 | S&W | Mod. 629 | .44 Mag. in Wood Case Stainless Steel |
| 15. | 1 Gun-Rev | CR#811x7 S#774696 | S&W | Mod. 57 | .41 Mag. in Wood Case Nickel Plated |
| 15. | 1 Gun-Rev | CR#39788 | S&W | Mod. 14.4 | .38 Cal in Suede Case Blue Steel |

| | | | | | |
|---|---|---|---|---|---|
| 16. | 1 Gun-Rev | CR#81164 | S&W | | .22 Cal in Grn Suede Case |
| | | S# 83K3065 | | | Blue Steel |
| 17. | 1 Gun-Rev | S#49785 | UNK MAKE | | .45 Cal single action |
| 18. | 1 Gun-Auto | 245PM36666 | Browning | | 9MM in blk case. |
| | | | | | w/magazine |
| 19. | 1 Gun-Auto | 425PZ16181 | Browning | | .380 Cal No Magazine |
| | | | | | w/ tan suede case |
| 20. | 1 Gun-Rev | CR#56725 | S&W | Mod | .22 Cal Stainless Steel |
| | | S#M137360 | | 63 | in blk case. |
| 21. | 1 Gun-Rev | CR#54351 | S&W | Mod | .22 Cal in red suede |
| | | S#M134647 | | 63 | case. Stainless steel |
| 22. | 1 Gun-Auto | S#B90962Y | Beretta | | .9 Short Cal Double Action |
| | | | | | Blue Steel |
| 23. | 1 Gun-Rev | SA27778 | Colt | .44 Cal | Blue Steel |
| 24. | 1 Gun-Rev | SA38606 | Colt | .357 Mag | Blue Steel |
| 25. | 1 Gun-Rev | CR#34043 | S&W | Mod | .22 Cal in brn suede case |
| | | S#85K0647 | | 48-4 | Blue Steel |
| 26. | 1 Gun—Single Shot Pistol | | | | |
| | | S#31861 | Stevens | | .22 Cal Blue Steel |
| | | | | | Leather holster |
| 27. | 1 Gun-Auto | 245RN55035 | Browning | | .9MM Blue Steel blk.case. |
| 28. | 1 Gun-Auto | S110506 | Sigsauer | Mod | 380 Cal Blue Steel |
| | | | | P230 | in red box 2 magazines |
| 29. | 1 Gun-Rev | V94744 | Colt | Python | .357 Mag Nickel Plated |
| | | | | | in brn. suitcase |
| 30. | 1 Gun-Rev | S#CJWC2715 | Colt | .45 Cal. | John Wayne Commem. |
| | | | | | no grip Blue & Gold Colors |
| 31. | 1 Gun-Rev | NB0263 | Colt | .45 Cal | Buntline Commem. |
| | | | | | in wood display case |
| | | | | | w/ ammo (6) rounds Nickel Plated. |
| 32. | 1 Gun-Rev | CJWC2111 | Colt | .45 Cal | John Wayne Commem. |
| | | | | | Blue&Gold colors |
| 33. | 1 Gun-Rev | SA38066 | Colt | .357 Mag. | Blue Steel |
| 34. | 1 Gun-Rev | S#98774M | Colt | .38 Special | Blue Steel |
| 35. | 1 Gun-Rev | CR#58976 | S&W | Mod 27-2 | .357 Mag. Blue Steel |
| | | S#N757973 | | | in wood case. |
| 36. | 1 Gun-Rev | CR#91X58 | S&W | Mod .57 | .41 Mag Blue Steel |
| | | S#N707784 | | | in wood case |
| 37. | 1 Gun-Rev | CR#2X963 | S&W | Mod 29.2 | .44 Mag Blue Steel |
| | | S#N798866 | | | in wood case. |
| 38. | 1 Gun-Rev | CR#33823 | S&W | Mod 25-5 | .45 Long Colt Blue Steel |
| | | S#N737160 | | | Wood Case |
| 39. | 1 Gun-Rev | CR#79627 | S&W | Mod 29-2 | .44 Mag. Blue Steel |
| | | N 772432 | | | Wood Case |
| 40. | 1 Gun-Auto | S#BE05720V | Beretta | Mod. 20 | .25 Cal. Blue Steel |
| | | | | | in Blue Box |
| 41. | 1 Gun-Auto | S#BE05725V | Beretta | Mod 20 | .25 Cal. Blue Steel |
| | | | | | in Blue Box |
| 42. | 1 Gun-Auto | S#8843147 | Browning | | .22 Cal in Orange Case |
| | | | | | Blue Steel |
| 43. | 1 Gun-Rev | CR#03703 | S&W | Mod 60 | .38 Cal. Stainless Steel |
| | | S#R312064 | | | |
| 44. | 1 Gun-Auto | S#245PM36668 | Browning | | 9MM Blk Case Blue Steel |
| 45. | 1 Gun-Rev | CR#88746 | S&W | Mod 68-6 | .357 Mag. Stainless Steel |
| | | S#AAL4669 | | | |
| 46. | 1 Gun-Rev | CJWC2100 | Colt | .45 Cal. | John Wayne Comm. No Grip |
| | | | | | Blue&Gold Color |
| 47. | 1 Gun-Rev | SA46535 | Colt | .357 Mag | Single Action Army |

| # | Item | Serial | Make | Model | Description |
|---|---|---|---|---|---|
| 48. | 1 Gun-Rev | SA31041 | Colt | .357 Mag | Nickel Plated Single Action Army |
| 49. | 1 Shotgun | N259790 | Nikko | Mod 5000-11 | Blue Steel .410 GA Over/Under |
| 50. | 1 Shotgun | 13100PM173 | Browning | Citori | .28 GA Over/Under |
| 51. | 1 Shotgun | 21032AL410 | El Faiban | unk. Ga. | Double Barrel |
| 52. | 1 Shotgun | 08159PM183 | Browning | 410 GA. | Over/Under |
| 53. | 1 Shotgun | N357252H | Remington | Model 1100 | .410GA. Automatic |
| 54. | 1 Shotgun | FB08701 | S&W | Mod 1000 | .20 GA. Automatic |
| 55. | 1 Shotgun | 02986RN168 | Browning | | .20GA Double Barrel |
| 56. | 1 Shotgun | 16933RN153 | Browning | | .12GA Over/Under |
| 57. | 1 Shotgun | 01887PM168 | Browning | | .20GA Double Barrel |
| 58. | 1 Shotgun | 08109RP273 | Browning | | .28GA Over/Under |
| 59. | 1 Shotgun | 13446RN163 | Browning | | .20GA Over/Under |
| 60. | 1 Shotgun | K621684 | Nikko | Mod 5000 | .12GA Over/Under |
| 61. | 1 Shotgun | N259303 | Nikko | Mod 5000 | .20GA Over/Under |
| 62. | 1 Shotgun | N259280 | Nikko | Mod 5000 | .20GA Over/Under |
| 63. | 1 Shotgun | 15242PM183 | Browning | Citori Grade | .410Ga. Over/Under |
| 64. | 1 Rifle | 15934 | Navy Arms | Mod. 66 | 44/40 Cal Lever Action |
| 65. | 1 Rifle | 508511 | Sako | Finnbear | 30-06 Cal. W/Scope Bolt Action |
| 66. | 1 Rifle | V47240 | Weatherby | Vanguard | .243 Cal. W/Scope Bolt Action |
| 67. | 1 Rifle | 96234 | Buger | Mod 10-22 | .22 Cal Automatic |
| 68. | 1 Rifle | K015709 | Rossi | Mod. 92 | .357 Mag Lever Action |
| 69. | 1 Rifle | 02139PZ226 | Browning | BL 22 | .22 Cal. Lever Action |
| 70. | 1 Rifle | 20097507 | Marlin | Mod 4444s | 444 CAL Lever Action |
| 71. | 1 Rifle | 23-919668 | Squires-Bingham | Mod 20 | .22Cal w/Scope Automatic no magazine |
| 72. | 1 Rifle | 102-78132 | Ruger | Carbine | .44Mag Automatic no Magazine |
| 73. | 1 Rifle | AI 169793 | Sako | .17 Cal. | w/Scope Bolt Action |
| 74. | 1 Rifle | JW8633 | Winchester | Mod. 94 | .32-40 Cal Carbine John Wayne Commem. in box |
| 75. | 1 Rifle | JW8631 | Winchester | Mod 94 | 32-40Cal Carbine John Wayne Commem. in box |
| 76. | 1 Rifle | 132-06407 | Ruger | Mod 1 | .458 Winchester Mag. |
| 77. | 1 Shotgun | L13399519 | Winchester | | .12 Ga Pump Ranger in box |
| 78. | 1 Rifle | LF09364 | Winchester | Mod 94 | 38-55 Cal. Frontiersmen in box |
| 79. | 1 Shotgun | V007971M | Remington | | 870 Wingmaster .12Ga w/(3) Barrels in tan case |
| 80. | 1 Rifle | JW12651 | Winchester | Mod 94 | 32-40 Lever Action John Wayne Commem. in box |
| 81. | 1 Rifle | JW12650 | Winchester | Mod 94 | 32-40 Lever Action John Wayne Commem. in box |
| 82. | 1 Rifle | JW12649 | Winchester | Mod 94 | 32-40 Lever Action John Wayne Commem. in box |
| 83. | 1 Rifle | JW12648 | Winchester | Mod 94 | 32-40 Lever Action John Wayne Commem. in box |
| 84. | 1 Rifle | AI162815 | Sako | | .222 Cal Bolt Action w/Scope |
| 85. | 1 Rifle | A6493814 | Remington | Mod 700 | .458 Cal Bolt Action w/Scope |
| 86. | 1 Rifle | AIII550961 | Sako | | 7MM Remington Mag Bolt Action w/Scope |

| 87. 1 Rifle | 1III552438 | Sako | | .270 Winchester w/Scope Bolt Action |
| 88. 1 Rifle | H121246 | Weatherby | Mark V | 300 Mag. Bolt Action w/Scope |
| 89. 1 Rifle | BB024213 | Winchester | Mod 94 | Lever Action/sling .376 Winchester |
| 90. 1 Rifle | 75-26096 | Ruger | Mod 77 | .270 Winchester w/Scope/Bolt Action |

91. 1 Ring, Y/M w/ Rams Head
92. 1 Spoon, Y/M w/Lady
93. 1 Ring, Y/M w/2 green and 3 white stones
94. 1 Ring, W/M w/ Colored stone square
95. 1 Spoon, Y/M w/ Devil
96. 1 Ring, W/M w/ 1grn & 1 biege stone
97. 1 Ring, Y/M w/ blk stone
98. 1 Ring, Y/M w/7 white stone
99. 1 Ring, Y/M w/3 wht.&1 blk stone
100. 1 Ring, Y/M band
101. 1 Ring, Y/M Band w/wht stone
102. 1 Pendant, Y/M Round
103. 1 Watch, Y/M "Rolex" W/Y/M Band
104. 3 Chains, Y/M Flat
105. 1 Ring, Y/M No Stone
106. 1 Watch, pocket w/m "Walthan" W/W/M chain
107. 1 Pendant, Wht w Indians Head
108. 1 Initial, Y/M "R"
109. 2 Bracelets, Y/M
110. 1 Pendant Y/M "Gun"
111. 1 Pendant, Y/M W colored stone
112. 1 Pendant, Y/M W Eagle
113. 1 Ring, Y/M W Red Stone
114. 1 Pendant, Y/M Elephant
115. 5 Pendant "Eagle" Y/M
116. 1 Chain, Rope Y/M
117. 1 Pin, Mickey Mouse
118. 1 Pin, Y/M Animal Face
119. 2 Bracelets Y/M
120. 5 Neck Chains, Y/M
121. 1 Neck Chain, Y/M W Parrot pendant
122. 1 Pendant, Y/M Triangle
123. 1 Pendant, Y/M Scuba Diver
124. 1 Pendant, Y/M Snowlake
125. 1 Neck Chain, Y/M W/ Y/M Nugget W/ Wht Stone
126. 1 Watch, Wrist Y/M W Y/M and "Waltham"
127. 1 Necklace, W/M Squash Blossom W/ 1 Blue & 1 Red Stone
128. 1 Stone Wht. Rd.
129. 1 Necklace, Brn/Black
130. 1 Plastic Bags pieces of broken chains
131. 1 Ring, W/M Indian
132. 1 Watch, Wrist Y/M "Seiko"
133. 1 Watch, Wrist W/M "Seiko"
134. 1 Bottle, Y/M Flakes
135. 1 Bag, Y/M parts
136. 4 Neckchains W/M
137. 1 Neck chains W.M W/tooth
138. 1 Neck chain W/M W/dragon
139. 1 Neck chain W/M W/ cut out coin
140. 1 Toothpick Y/M W/"B"

141. 10 Ingots W/M
142. 1 Y/M Coin in Y/M Bezel
143. 6 Ornaments, W/M in Boxes
144. 4 Trays containing 96 W/M coins "50 Shillings"
145. 1 Rings, Y/M Wht 1 Large 1 small Wht stones
146. 3 Coins, W/M "50 Shilling"
147. 14 Coins, Foreign in plastic cases.
148. 9 Coins, Republic of India Proof Set
149. 2 Bills, 1 Peso
150. 1 Bill, 10 Peso
151. 490 Foreign coins, misc.
152. 1 Box Wood containing Two Knives "Gerber" Ser.#0081
153. 1 Box containing misc. paperwork
154. 1 Air Pistol "Powerline" Model 717 in Box
155. 4 Scales, Digital Electric Balance 3 in Wht Metal Case
 #Ser. 2374820/2371239/2060731/2374819
156. 2 Boxes, Wood Gun "John Wayne" in Cardboard Boxes
157. 1 Flashlights "Mag-lite Blk 4 cell Ser#40206242
158. 4 Flashlights "Mag-lite Blk 3 Cell Ser# 30271357
 # 30250477
 # 30271654
 # 30271954
159. 1 Rifle, Air "Elgamo" 22 Cal. Ser # 223514 W/Scope